CHARLES H. LINDSAY v. MRS. M. J. THOMAS, sometimes known as Christina Yglesias Thomas, joined by her husband and guardian *ad litem,* M. J. Thomas, and RUTH THOMAS, a *feme sole* and minor.

174 So. 418.

Division B.

Opinion Filed May 21, 1937.

294

*Gray & Johnson* and *George Palmer Garrett,* for Plaintiff in Error;

*E. W. & R. C. Davis,* for Defendant in Error.

Davis, J.—Verdict and judgment were for the defendant in the court below. The case comes here upon a writ of error questioning certain charges of the court alleged to have been erroneously given to plaintiff's prejudice. The principal defense relied on was contributory negligence. The defense on that score was answered by plaintiff's attempt to invoke the doctrine of "last clear chance" as an avoidance of it.

The facts shown in evidence are in substance as follows: Defendant's automobile was being driven at the time by her minor daughter, Ruth Thomas, a young lady 16 years of age with two years' driving experience. Two elderly persons, a man and his wife, while attempting to cross the street at an intersection in the residential portion of Orlando about ten o'clock at night, were struck by the front portion of the automobile. The husband was knocked down and seriously injured. The wife was so badly hurt that she died next day. All of the parties were free of any suspicion of indulgence in alcoholics or drugs. The car had its dimmer lights on at the time and was traveling at a moderate rate of speed. The driver testified that Mr. Lindsay had his wife by the hand and was running right in front of the car trying to get across the street ahead of it when the defendant's automobile contacted them; that she didn't see anything until Mr. and Mrs. Lindsay "ran into my car." There was no outcry prior to the collision. The car had hydraulic brakes and was stopped without "zig-zagging" or slipping of the wheels over the brick pavement after the brakes were applied. The driver testified she acted instantly upon perceiving the danger, which was not until the injured per-

sons were "directly in front of the car and ran against it." Contradicting proof was offered, but its importance is minimized by the fact that the jury evidently rejected it when it found a verdict for the defendant.

Contributory negligence is conduct which involves an undue risk of harm to the person who sustains it. A voluntary exposure of oneself to an unreasonable risk is such contributory negligence where a reasonable man in the same position would not so expose himself. A. L. T. Torts (Negligence) Chapter 17, pages 1124, *et seq.*

But a plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may nevertheless recover for the harm caused thereby if, immediately preceding the harm, the plaintiff is unable to avoid it by reasonable vigilance and care and the defendant either knows the plaintiff's situation and realizes the helpless peril involved therein, or knows the plaintiff's situation and has reason to realize the peril involved therein, or would have discovered the plaintiff's situation and then had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harm to the plaintiff. A. L. I. Torts (Negligence) par. 479, page 1253.

The "last clear chance" doctrine is mainly applicable to cases where plaintiff has negligently placed himself in a position of peril from which he cannot, at the time of the accident, extricate himself, and not to a case where a plaintiff's negligence consists of a failure to exercise that degree of vigilance for his own safety which as a reasonable man he is bound to exercise. Where a plaintiff has failed to exercise that degree of vigilance for his own safety which,

as a reasonable man, he is bound to exercise, it is not enough that the defendant should see the plaintiff in a position which would be dangerous were the plaintiff not aware of what is going on, but the defendant must realize, or have reason to believe that the plaintiff is inattentive and, therefore, is in peril.

In such last mentioned cases, that is, where the plaintiff has been guilty of a lack of vigilance for his own safety amounting to something more than having negligently placed himself in a position of peril from which he could not, at the time of the accident, extricate himself even though he then realized his peril and desired to avoid it, the defendant is deemed to have the "last clear chance" only if he realizes, or has reason to believe, that the plaintiff is inattentive and consequently in peril and that he, the defendant, can avert the harm by the careful use of his then existing ability. See: Par. 480, A. L. I. Restatement Law of Torts (Negligence), pages 1257, *et seq*. Compare: Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 Sou. Rep. 401.

The prime foundation of liability in negligence cases is knowledge, or what is deemed to be in law the same thing: opportunity by the exercise of reasonable diligence to acquire knowledge of the peril which subsequently results in injury. Fault on the part of the defendant is to be found in his action or non-action, accompanied by knowledge, actual or implied, of the probable results of his conduct contemporaneous with the infliction of injury; and likewise, the contributory negligence or fault of the plaintiff that will bar his recovery is to be determined by the same test. The latter is so, because no liability is predicable on an injury when it appears that the injured person's knowledge, actual or implied, of the danger causing it surpassed or equaled that of the defendant when the peril arose. Taylor v. Home

Telephone Co., 163 Mich. 458, 128 N. W. Rep. 728, 31 L. R. A. (N. S.) 385. The "last clear chance" rule is founded upon the actual or implied knowledge of the defendant in cases where he attempts to set up alleged negligent conduct of plaintiff as a bar to the cause of action under a plea of contributory negligence.

At the trial the court below gave certain charges to the jury on the subject of "last clear chance" as follows:

### "Court's Charge No. 8.

"In determining the liability in this case, if any exists, you are to take into consideration to the extent applicable, the doctrine of a last clear chance. This doctrine recognizes that a plaintiff, or the person whom the plaintiff represents, may have been negligent in the beginning, that is to say, may have done some action or omitted some safeguard that would have been appropriate under the circumstances, and yet allows the plaintiff to recover, if the circumstances are such that after such action on the part of the plaintiff, or the person whom the plaintiff represents, the defendant could thereafter have avoided the accident."

### "Court's Charge No. 9.

"The last clear chance theory of the law, about which I have instructed you is not to be limited to the actual knowledge on the part of the defendant, Ruth Thomas, as to the peril of the plaintiff, Charles H. Lindsey, and his wife, Harriet P. Lindsey, which existed, but the driver is liable if she saw, or by the exercise of ordinary care could have seen the peril, if any, of Charles H. Lindsey and his wife, in time to have avoided the accident by the exercise of ordinary care on the driver's part, but failed to do so, *and the plaintiff or deceased was not guilty of contributory negligence as alleged, and defined to you.*" (Emphasis ours.)

"Court's Charge No. 11.

"If you find from the evidence that the plaintiff or deceased were careless and negligent in exposing themselves to danger, but that after the said Charles H. Lindsey and Harriet P. Lindsey had so exposed himself or herself to danger, the driver of the Pontiac sedan could have avoided the injury by using ordinary care in keeping the automobile in proper control as she drove across the intersection, and by keeping the proper lookout ahead, and such driver failed to use proper and ordinary care and her failure in this respect was the direct cause of the injury, then you should find for the plaintiff, if the other conditions of liability exist as set forth in these instructions, *and plaintiff or deceased was not guilty of contributory negligence.*" (Emphasis ours.)

Charges No. 9 and 11 were excepted to by plaintiff below because of the inclusion therein on the Judge's own motion certain added qualifying language at the conclusion of each, "and the plaintiff or deceased was not guilty of contributory negligence as alleged, and defined to you."

In the strict sense of the word the qualifying language complained of in the foregoing instructions made the 9th and 11th charges, considered alone, state a legal solecism. This is so because the very idea comprehended within the doctrine of "last clear chance" presupposes that there was some negligence of a contributory character on plaintiff's part in the first instance, as against which the "last clear chance" doctrine is being invoked to excuse and avoid it as a bar under a plea of contributory negligence.

The 9th and 11th charges should have been given without the inclusion therein of the objectionable qualifying words hereinbefore referred to. And if so given they would have properly and clearly defined the meaning of "last clear

chance" as it has been heretofore defined in our own decisions and in the other authorities to which we have made reference. See: Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 Sou. Rep. 401, cited *supra*.

The case at bar was one wherein the evidence required a consideration of the case in the light of the doctrine of "last clear chance" as applied to the facts. The question of proximate causation was in reality the principal issue developed at the trial, the jury being called upon to decide whether the plaintiff's negligent manner of crossing the street was the sole proximate cause, or one of the proximate causes, of the collision between the car and the pedestrians. If it was either, plaintiff was not entitled to recover. However, on the other hand, if there was in contemplation of law a "last clear chance" for defendant's driver to have averted the plaintiff's peril, even though plaintiff had been at fault in the first instance in getting into that situation through his careless manner of crossing the street in company with his wife, plaintiff was entitled to have that question considered under charges of the court not so qualifying a proper statement of the rule of "last clear chance" as to confuse and mislead the jury.

The other charges given and excepted to by plaintiff, when read as a whole, are unobjectionable as statements of the law and so are approved. The evidence as a whole while strongly suggesting that plaintiff's conduct was of a character to bar his recovery under the plea of contributory negligence, is not so clear and convincing to that effect that we can affirm the judgment notwithstanding the errors found in charges No. 9 and 11 which cannot be said to be altogether harmless under the circumstances.

Assignments of error numbers 12 and 13 should be sus-

tained. The other assignments should be overruled. A new trial should be awarded and it is so ordered.

Reversed for a new trial.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

ELLIS, C. J. (concurring).—So far as the record discloses this case was tried upon pleas of contributory negligence interposed by the defendant to each count of the declaration. I have failed to discover any plea of not guilty, and no such plea is indexed as the rule requires, if such plea was interposed and is in the record.

The cause of action rests upon the alleged negligence of Mrs. Thomas and her daughter, Ruth, to whom Mrs. Thomas had intrusted the automobile, in carelessly operating the machine so that it ran upon and struck the plaintiff and his wife, who, as pedestrians, were crossing a street in the City of Orlando. The street they attempted to cross was Magnolia Avenue south of a point where Livingston Street, running east and west intersects the Avenue.

The defendants' automobile was traveling south on Magnolia Avenue and had crossed the intersecting street, according to the testimony of the driver of the car, therefore the plaintiff and his wife were attempting to cross Magnolia Avenue on the south side of the intersecting Livingston Street.

The second and third counts allege that the plaintiff, who sued for damages for injury to himself and wrongful death of his wife, was crossing Livingston Street. There was a variance between the allegations and proof as to those two counts so the plaintiff could not recover on them. All other counts, however, alleged that the plaintiff and his wife were

attempting to cross Magnolia Avenue when they were struck near the west side of that street.

I concur in the conclusion reached by Mr. Justice DAVIS, however, that the last clause in the ninth and eleventh instructions constituted error of a substantial character because even if the plaintiff and his wife were guilty of contributory negligence in carelessly placing themselves in a place of danger they might nevertheless recover if the defendant failed to exercise through her agent the last clear chance to avoid the accident.

The reasons given by me in the concurring opinion in the case of Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 South. Rep. 401, are the reasons which I give here for concurring in the decision in this case.

BROWN, J., concurs.