CHARLES H. LINDSAY v. MRS. M. J. THOMAS, Sometimes Known as Christina Yglesias Thomas, Joined by Her Husband and Guardian, *ad litem*, M. J. Thomas, and Ruth Thomas, a *femme sole* and minor.

190 So. 266
Division A
Opinion Filed June 27, 1939

*G. P. Garrett* and *Claude L. Gray,* for Plaintiff in Error; *E. W. & R. C. Davis,* for Defendants in Error.

THOMAS, J.—This cause appeared here before upon writ of error to a judgment in favor of the defendants who were sued for damages alleged to have resulted from the negligent operation of an automobile.

Assignments of error numbered twelve and thirteen, relating to instructions expounding the doctrine of last clear chance, were sustained by this Court and the case reversed although the evidence strongly suggested "that plaintiff's conduct was of a character to bar his recovery under the plea of contributory negligence." All other assignments

of error were overruled. Lindsay v. Thomas, 128 Fla. 293, 174 South. Rep. 418.

Pursuant to the decision, a new trial was conducted on the same pleadings and again the jury returned a verdict for the defendants and judgment was entered accordingly.

The plaintiff in error questions the propriety of charges given the jury defining "unavoidable accident" and relating to negligence and ordinary care, and he challeges the verdict as contrary to evidence and law.

We are unimpressed by the argument that the instruction about unavoidable accident was harmful error or that because of its inapplicability to the facts the plaintiff in error should be allowed a retrial of the issues. In the former appeal the basis of one assignment of error was a similar charge, and this Court expressly ruled against the plaintiff in error on all questions including that one, and excepting only those relating to charges on "last clear chance." In these circumstances, we think, no advantage may be gained in the second presentation of this objection.

By the next charge under attack the jury was, in substance, instructed that the plaintiff assumed the burden of proving by a preponderance of the evidence that defendants were negligent and that the injury was the proximate result of this negligence. Expanding on this proposition the Court added that "proof of mere negligence" was insufficient, then added "for the negligence must be the proximate cause" of the injury. If the instructions are read as a whole the contention that the few words selected by plaintiff in error from this one charge could have led the jury astray becomes insignificant.

From our examination, the charge with reference to the exercise of ordinary care on the part of the plaintiff is not shown to have been erroneous. Counsel says of it: "As abstract law, the charge may be impeccable but it serves to

insinuate that plaintiffs * * * did not exercise their faculties to avoid danger" and that the evidence did not justify the insinuation.

This position hardly seems borne out by the testimony and the history of the two trials. In both instances the juries have rendered verdicts in favor of the defendants and from our study of the case their conclusions have been justified. This disposes also of the fourth contention that the judgment was contrary to the law and the evidence.

No harmful error has been discovered in our examination of the record. Therefore, the judgment is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.