## STANFORD v. ATLANTIC LIFE INS. CO.
### No. 9122.

Circuit Court of Appeals, Fifth Circuit.
Jan. 31, 1940.

Henry C. Tillman and Marvin Green, both of Tampa, Fla., for appellant.

R. W. Shackleford, of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The district court directed a verdict for the defendant in an action for damages resulting from the alleged negligence of the defendant in failing to exercise ordinary care in the repair of certain premises. The correctness of the ruling is the sole question before us.

Appellant, a girl fifteen years of age, lived with her parents in a house leased by them from the appellee. On the day before the accident occurred, the landlord sent workmen to the house to effect certain repairs including a search for termite infestation. To facilitate the search, several holes were cut in the front porch, including one hole large enough to permit a workman to pass through it. The work was not completed that day, so the workmen placed a rocking chair over the large hole, and advised appellant's mother that they would return the next day to fix the holes. She then locked the door to the porch, and, that night, advised her family, including appellant, that the holes had been cut, would be repaired the next day, and warned them not to go upon the porch. The following day, the workmen, did not return and repair the holes, and, in some way that the record does not disclose, the rocking chair was removed from over the hole. Appellant left the house early in the morning, returned quite late in the afternoon, ate supper, and, in semi-darkness, went out upon the porch, fell into the hole and was injured. She testified that no mention was made of the condition of the porch in her presence that night, and that she did not know whether or not the holes had been repaired; that she "just didn't think—just expected it not to be there." The failure properly to protect the hole and to repair it within the time stated are the alleged acts of negligence.

 The jurisdiction of the court below was based solely upon diversity of citizenship; so the law of Florida must control. In Florida, the common-law rule that contributory negligence is a bar to recovery obtains,[1] and the supreme court of that state has adopted as its definition the following: " 'Contributory negligence' is conduct which involves an undue risk of harm to the person who sustains it. A voluntary exposure of oneself to an unreasonable risk is such contributory negligence where a reasonable man in the same position would not so expose himself." Lindsay v. Thomas et al., 128 Fla. 293, 174 So. 418, 419.

 In this case, the appellant had actual knowledge of the dangerous condition of the porch, she was sufficiently mature in mind to appreciate it, and the exercise of ordinary care imposed upon her the duty of taking reasonable precautions before exposing herself to an undue risk. Assuming negligence on the part of appellee, if appel-

[1] General Outdoor Advertising Co. v. Frost, 5 Cir., 76 F.2d 127; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 So. 767; Cornell v. 1st Nat. Bank of Miami, 121 Fla. 192, 163 So. 482.

lant had either inquired or thought, it is manifest that the injury would not have occurred. The failure so to do was negligence on her part which directly and proximately contributed to the injury. Wauchula Mfg. & Timber Co. v. Jackson, 70 Fla. 596, 70 So. 599; Key West Electric Co. v. Albury, 91 Fla. 695, 109 So. 223.

Affirmed.