### JACOB BECKER v. LOUIS BLUM.

194 So. 275
Division A
Opinion Filed February 27, 1940
Rehearing Denied March 12, 1940

*Knight & Green,* for Plaintiff in Error;

*Paul H. Marks,* and *Ely R. Katz,* for Defendant in Error.

PER CURIAM.—Plaintiff in error, Becker, is an elderly man who was hit by defendant in error's automobile while crossing a street intersection in Miami Beach. It seems that Becker started west across the street while the traffic

light was in his favor but the light changed to green, i. e., against him, when he reached the center of the street.

A car was stopped in the left-hand lane headed south waiting to make a left turn. As plaintiff in error stepped from in front of the waiting car he was hit by defendant, who it seems had come up from the rear and to the right of the parked car. The traffic light was green as to defendant at the time the accident occurred.

Plaintiff in error brought suit for $25,000 damages. The jury returned a verdict for defendant in error, and from the final judgment entered thereon, this writ of error was taken.

The first question for us to decide is whether or not the requested charge on the doctrine of the last clear chance was properly refused. This doctrine is predicated upon the facts that defendant had knowledge of the situation in time to act upon it, and that the negligence of the person injured did not continue up to the very moment of the injury and was not a contributing and efficient cause of it; Merchant's Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; G. F. & A. Ry. Co. v. Cox, 75 Fla. 714, 79 So. 276. It is not necessary that the doctrine be pleaded, if the situation warrants instructions thereon.

From the record it is apparent that there was no sufficient knowledge of the situation in time to act upon it, nor was there such opportunity to learn that defendant is charged with knowledge. There was no error committed by refusing to give the requested charge. No negligence of the defendant is shown.

Becker also assigns as error the refusal of the judge to instruct the jury to the effect that motorists are under a higher degree of care when operating an automobile at intersections than are pedestrians. The jury was instructed

that the rights of motorists and pedestrians are equal, which is correct under the authority of Greiper v. Coburn, 139 Fla. 293, 190 So. 902, where it is said:

"The drivers of automobiles must share the streets with pedestrians and each person on the highway must so exercise his right to use it as not to injure others, and must exercise such caution as an ordinary prudent person would exercise under like circumstances. In other words, the rights of the pedestrians and motor vehicles in a public street are equal and each is obliged to act with due regard to the movements of the other." (Citing cases.)

Nor can we find any authority or reason why plaintiff should be given special concessions because of his age, and more especially so inasmuch as it was shown that plaintiff was in good health and very active despite his seventy-two years.

Plaintiff in error proceeds to segregate certain phrases and sentences of the charge given and attempts to show from these that the trial judge had formed an opinion against plaintiff, and by inuendo conveyed his views to the jury. It is a well settled rule that parts of the instructions given will not be considered by themselves, but that the charges will be construed in the light of all the instructions given. Taken as a whole, there is nothing to indicate that the trial judge was biased or that he made any attempt to comment on the testimony.

Becker contends that the instructions relative to the duty of the jurors to disregard certain testimony was erroneous. There is a material difference between the factual situation of the City of Coral Gables, et al., v. Blount, 116 Fla. 356, 156 So. 244, wherein the jury was instructed that it was their duty to disregard all the testimony of certain witnesses that had testified falsely to any material fact, and this case

wherein the jury was instructed that it was their duty to disregard any of the testimony of any witness they did not believe. The former was error; the latter is not.

Becker also relies on the "sudden emergency" doctrine to sustain his cause. The facts of the case, however, do not support him in his contention, and the refusal of the trial judge to charge on this doctrine is not error.

Our review of the charges leads us to the conclusion that the court explained the law of the case and that the features of the controversy were either fully covered or properly refused. The judgment of the trial court, therefore, should be and is—

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.