STANDARD OIL CO. v. BURLESON.

No. 9525.

Circuit Court of Appeals, Fifth Circuit.

Feb. 1, 1941.

Rehearing Denied March 8, 1941.

Carl T. Hoffman and L. L. Robinson, both of Miami, Fla., for appellant.

James Nemec and Phillip D. O'Connell, both of West Palm Beach, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Max D. Burleson filed suit against Standard Oil Company to recover for personal injuries received by him when he fell into an unguarded excavation at a gasoline filling station located at Juno Beach, Palm Beach County, Florida. The case was tried to a jury which returned a verdict for the plaintiff. Judgment was entered on the verdict and Standard Oil Company appealed.

The evidence shows that on October 6, 1937, two employees of Standard Oil Company were engaged in the installation of an electric gasoline pump at Oscar Erickson's filling station at Juno Beach, Florida. In order to install the pump Standard Oil Company's employees dug a hole to locate certain fittings on the underground gasoline storage tank. The gasoline pump at the station was located on a "concrete island" which ran north and south in the station yard. The excavation made by Standard's employees ran east and west, was several feet long, and two and a half or three feet wide.

While the pump installation work was in progress, Max Burleson drove his car into the station to buy gasoline. After the car had been serviced Burleson was told that he should go inside the station house and pay a lady for his gasoline. Following these instructions he walked around the north end of the concrete pump island and started to walk south toward the station house. He noticed the excavation across his path, and hesitated momentarily. He had undergone a surgical operation a few months previously and realized that he might strain the incision in his stomach, and that the hole was too wide for him to safely step across. He noticed a concrete sidewalk running parallel with and flush against the concrete pump island, and, instead of taking a chance by stepping across the excavation, he stepped upon the concrete walkway. The sidewalk gave way and caved in and Burleson fell into the excavation and was sorely injured.

The evidence clearly shows that the concrete walkway had been undermined by the excavation and that Burleson's weight caused it to cave in. The defendant company knew or, by the exercise of reasonable diligence, ought to have known of the dangerous condition of the walkway due to its excavation work. Under the facts of the case the jury might well find that the defendant was negligent and that its negligence was the proximate cause of the plaintiff's injuries.

The common-law rule that contributory negligence is a bar to recovery obtains in Florida. The appellant contends that Burleson contributed to his injuries in that he knew, or could have known, of the excavation under the sidewalk, and that, therefore, a recovery is barred under Florida law. Stanley v. Powers, 125 Fla. 322, 169 So. 861; Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; Carter v. Arnold Lbr. Co., 83 Fla. 470, 91 So. 893; Stanford v. Atlantic Life Ins. Co., 5 Cir., 109 F.2d 428. After a careful review of the record we find no evidence which would compel a finding that Burleson was guilty of con-

tributory negligence. He entered the filling station as an invitee and those persons in charge owed him the duty of keeping the premises in a reasonably safe condition. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann.Cas.1913C, 564; Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658; 45 C.J., Negligence, § 240.

 This is not a case like Batson v. Western Union Telegraph Co., 5 Cir., 75 F.2d 154, 156, where the customer took a chance, "having full knowledge of the condition obtaining"; or like Stanford v. Atlantic Life Ins. Co., 5 Cir., 109 F.2d 428, 429, where the plaintiff had "actual knowledge of the dangerous condition"; or like Johns v. Georgia Ry. & Elec. Co., 133 Ga. 525, 66 S.E. 269, 270, where the plaintiff "with full knowledge", in attempting to step from a street car across an opening in the pavement "took the chance of being able to make the long step successfully, and she failed to do so in safety." In the case at bar Burleson saw the excavation in his path and refused to take a chance and risk injury by attempting to step over it. He chose the apparently safe route by way of the sidewalk. There was nothing to put him on notice that the sidewalk was unsafe. He had not been in the filling station before and it cannot be said that as a matter of law he contributed to his own injury by failing to inspect the walk to see if it had been undermined. "It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any." Crosby v. Donaldson, 95 Fla. 365, 116 So. 231, 232; Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann.Cas.1913C, 564.

The questions of negligence on the part of the defendant and contributory negligence on the part of the plaintiff were properly presented to the jury and the evidence supports the verdict. The court committed no error in refusing to direct a verdict for the defendant. Trinidad Asphalt Mfg. Co. v. McIntosh, 5 Cir., 100 F. 2d 310; 3 Am.Jur. 439, § 886.

 There is no merit in the contention that the court erred in denying the defendant's motion for a new trial. A motion for a new trial is addressed to the sound discretion of the trial court and in the absence of a showing of abuse of discretion its ruling will not be overturned on appeal. Teche Lines v. Boyette, 5 Cir., 111 F.2d 579; National Box Co. v. Wroten, 5 Cir., 66 F.2d 86.

The appellant now complains of the court's charge as to the measure of damages for future pain and suffering. We find no reversible error in the charge. Moreover, the defendant made no objection to the now complained of charge and under the rules a party may not assign as error the giving or the failure to give any instruction "unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c.

The court's charge to the jury fully and fairly stated the law applicable to the case and there was no error in the refusal of the charges requested by the defendant. We find no reversible error in the record. The judgment is affirmed.