Thomas E. Davis, Plaintiff in Error, v. Karl B. Cuesta, Defendant in Error

1 So. (2nd) 475
En Banc
Opinion Filed March 25, 1941
Rehearing Denied April 25, 1941

*Dickenson & Dickenson,* for Plaintiff in Error;

*Ray C. Brown* and *McKay, Macfarlane, Jackson & Ferguson,* for Defendant in Error.

ADAMS, J.—On writ of error to judgment entered on verdict, we consider the court's refusal to charge the jury at plaintiff's request on the doctrine of "last clear chance."

The case arose out of an automobile collision at the intersection of Memorial Highway and Lisbon Avenue at the city limits of the City of Tampa. The plaintiff was driving his car west on Memorial Highway and defendant's car was proceeding north on Lisbon Avenue. The city limits of the City of Tampa were on the center line of Memorial Highway. The plaintiff's car was on the north side and just within the city. The defendant's car was approaching the city and entered just at the place of collision. The plaintiff's evidence reveals the speed of plaintiff's car at 30 to 35 miles per hour at the time. The speed of defendant's 20 to 25 miles per hour.

The cars were within view of the occupants of each, at least 150 feet before they entered the intersection. It was a residential section of the City of Tampa. It was a clear day, a Sunday afternoon and considerable traffic.

There were stop signs on and beside Lisbon Avenue just before the intersection where defendant entered. No warnings were sounded by either. Neither slackened his sped nor materially altered the course of their vehicles. The impact came by the defendant's car striking the middle or rear of the plaintiff's. Plaintiff's car careened to the curb and turned over three times, and travelled about 90 feet before stopping. The defendant's car continued a shorter distance and stopped with less effort and injury than plaintiff's.

The doctrine of "last clear chance" has been recognized by this Court. Merchants Transportation Company v. Annie Daniel, 109 Fla. 496, 149 So. 401; Dunn Bus Service, Inc., v. Oradelle McKinley, 130 Fla. 778, 178 So. 865;

The Miami Beach Railway Company v. Paul E. Dohme, 131 Fla. 171, 179 So. 166; Charles H. Lindsay v. Mrs. M. J. Thomas, 128 Fla. 293, 174 So. 418; Jacob Becker v. Louis Blum, 142 Fla. 60, 194 So. 275.

It is founded upon reasons humane which forbids a wrongdoer from taking advantage of the perilous position of his fellow man to inflict injury and escape responsibility.

It places the liability on him who commits the last proximate negligent act. By committing the last negligent act he thereby renders all others remote. His act becomes immediate and proximate and therefore actionable. Yet in invoking the benefit of the rule the plaintiff has another hurdle to make, that is to show that he was free of concurring negligence.

The claim of its benefits by this plaintiff presupposes his own contributory negligence in getting himself in the perilous position.

Therefore if his contributory negligence continued until the collision he cannot avail. 4 Blashfield, Automobile Law and Practice. Sec. 2801, ee seq.; Snyder v. Smith, 213 Pac. 682; Cook v. United Rys & Electric Company of Baltimore, 104 Atl. 37; Andrew v. White Line Bus Corporation, 161 Atl. 792.

There was no error in the refusal of the request to charge on the doctrine of "last clear chance."

The charge was full, fair and eminently correct. The lower court was most liberal in submitting the issue to the jury to pass on. We find no reversible error in the record and the judgment is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS, J. J., concur.