DEWAINE WARD, a Minor by His Next Friend, ORA WARD, v. CITY FUEL OIL COMPANY, INC., a Corporation.

2 So. (2nd) 586
Division A
Opinion Filed May 27, 1941

*Coe & McLane,* for Plaintiff in Error;

*Caro & Caro,* for Defendant in Error.

PER CURIAM.—A writ of error was taken to review a judgment for the defendant rendered upon a directed

verdict in an action to recover damages for personal injuries suffered by the plaintiff as the result of a collision on a public highway of the horse the plaintiff was riding and the defendant's oil delivery truck.

The plaintiff alleged, by his declaration, that the defendant's servant, one Henry Thomas, "drove and operated said motor vehicle of the defendant in a grossly careless and negligent manner, and that by reason of such carelessness and negligence on the part of the agent and servant of the defendant, the said motor vehicle collided with great force and violence against the horse the plaintiff was riding, . . . throwing the said Dewaine Ward violently upon the concrete highway, and the said Dewaine Ward sustained multiple compound fracture of one of his legs, a fracture of one of his arms, received numerous abrasions, lacerations and contusions, received internal injuries and was permanently injured." The defendant entered pleas of not guilty and of contributory negligence. The evidence adduced at the trial was submitted to the jury under instructions on the last clear chance doctrine. After a time, the jury returned and requested further instructions which were given; and again, after further deliberation, the jury returned reporting they were unable to agree. The trial judge then directed that they return a verdict for the defendant, which action is assigned as error.

The accident occurred March 22, 1940, near the Brentwood school house, which is situated on a square five acres in areas east of the Pensacola-Flomaton highway in Escambia County, Florida. The western boundary of a wire fence, which encloses the school grounds, runs north and south parallel with and approximately 70 feet east of the paved road; the north-

ern fence boundary borders a lane which runs at right angles to the highway.

The evidence shows the defendant's oil delivery truck was proceeding northward on the arterial highway between Pensacola and Flomaton. About 200 or 250 feet south of the point at which the collision occurred, the truck was flagged by a schoolboy patrolman to permit some school children to cross the highway. The truck may have come to a stop at this place, but at least it is well established that it continued at a moderate rate of speed somewhere between 10 and 20 miles an hour.

The plaintiff, Dewaine Ward, and one Edward Eubanks had been among a group of boys and girls assembled about 300 feet east of the highway in the lane. These two boys, who were on horseback, had decided to go across the highway, and the plaintiff's horse, for some unknown reason, started off at a fast pace and the horse Eubanks was riding followed. As they galloped toward the highway, the boys noticed the truck and attempted to check their speed. It appears from the record that they succeeded to some extent; but, notwithstanding their efforts, the horses were going faster than the truck. The Eubanks boy, who had caught up with the plaintiff as they reached the highway, kept going straight and got across safely; the plaintiff, however, as a result of his attempt to stop or turn the horse he was riding, went to the left, southward, down the highway toward the truck and ran into its side.

The highway at this point is level and straight for some distance, and there were no signboards or other objects which obstructed the driver's view. It further appears there was no other traffic on the road at the

time and place of the accident. It is the plaintiff's theory that the defendant is liable on these facts, contending that the driver could have discovered and realized the plaintiff's perilous situation in sufficient time to have avoided the accident by the exercise of reasonable vigilance and care.

We find, however, that no reversible error has been made to appear, in that the proofs submitted fail to show actionable negligence on the part of the defendant's truck driver. The prime foundation of liability in this type of negligence case is knowledge—or what is deemed in law to be the same thing—opportunity by the exercise of reasonable diligence to acquire knowledge of the plaintiff's peril which subsequently results in injury; if, however, the defendant does not realize, or does not have reason to realize, the plaintiff's dangerous situation, or inattentiveness, or if the defendant is unable to avert harm by the careful use of his then existing ability after knowledge, either actual or implied, then defendant is not chargeable with liability. See Lindsay v. Thomas, 128 Fla. 293, 174 So. 418. The plaintiff must, in addition to showing the defendant was negligent in failing to avert the accident after knowledge of the situation in sufficient time to act upon it, show that his negligence did not continue up to the moment of the injury and was not a contributing and efficient cause of it. Davis v. Cuesta, 146 Fla. 471, 1 So. (2nd) 475; Becker v. Blum, 142 Fla. 60, 194 So. 275; Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401.

In the case at bar, it appears that the defendant's servant, the truck driver, was proceeding at a proper rate of speed under the circumstances; that he kept a sufficient lookout, commensurate with his duty

toward the plaintiff; that had he seen the plaintiff in time to have averted the accident by reducing his speed or stopping the truck, as the plaintiff insists he should have, there was nothing in the situation to indicate to him that the boys were doing more than staging a race and would stop or slow down before reaching the paved highway; that he had no reason to anticipate that the plaintiff would turn and run into the side of the truck, for there was an area of 70 feet between the pavement and the fence in which the horse could have run. It further appears that after the defendant's truck driver saw the plaintiff, he attempted by such means as were within his control to avoid colliding with the rapidly approaching horse and rider.

It is our conclusion, after a consideration of all the evidence, that the defendant's driver cannot fairly be held to knowledge of the plaintiff's situation, or to have anticipated in time to have avoided the collision that plaintiff's horse would turn south and run into the truck on the paved part of the highway. It was not reversible error, therefore, to direct the verdict in favor of the defendant.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.