## SCHOEN v. WESTERN UNION TELEGRAPH CO.

### No. 10575.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1943.

Herbert S. Sawyer, of Miami, Fla., for appellant.

J. Julien Southerland, of Miami Beach, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Charles Schoen died as the result of injuries received when he was struck by an automobile which was being used by Nelson Stewart to deliver Western Union telegrams in Coral Gables, Florida. Matilda Schoen, widow of Charles Schoen, filed action against Western Union Telegraph Company to recover damages for the death of her husband. A jury trial resulted in a verdict for the defendant. Judgment was entered on the verdict, motion for new trial was denied, and Mrs. Schoen has appealed.

In Coral Gables, Florida, on February 9, 1940, about 8 o'clock at night, Nelson Stewart, who was delivering telegrams, was driving his automobile north along Ponce de Leon Boulevard, a street 80 feet wide with a yellow marker painted down its center. Stewart was driving in the extreme right-hand lane of traffic at a lawful speed of from 20 to 25 miles per hour. Schoen was walking across the street from west to east at a point removed from the intersections which were the usual crossing places for pedestrians. He reached the center line in the street and then started walking diagonally in a northeasterly direction into the northbound traffic lane. His back was turned to the approaching northbound traffic, his head was down, and he did not look up or toward the on-coming automobiles. When from 30 to 50 feet away, Stewart saw Schoen and applied his brakes, but before the automobile came to a stop Schoen had walked in front of it or into its side. The automobile stopped immediately after the impact, and Schoen lay in the street near the left door. Witnesses for the plaintiff testified that Schoen was hit by the front bumper, but Stewart testified that Schoen walked into the side of the automobile. The front of the automobile bore no visible marks, but there were dents on the left side of the hood, and on the left windshield post, and the left corner of the windshield was broken.

It is contended that the court erred in admitting in evidence, over objection, a traffic regulation of the City of Coral Gables providing: "Pedestrians shall not cross streets in the center of the blocks; they shall only cross at street corners." This safety rule is one of almost universal knowledge and application, and its admission in evidence did not constitute prejudicial error.

Recognizing that under any proper view of the evidence Schoen was guilty of contributory negligence in walking into the northbound traffic lane without looking, appellant relies on the doctrine of the last clear chance—a doctrine recognized and applied by the Florida courts. Davis v. Cuesta, 146 Fla. 471, 1 So.2d 475; Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; Consumers Lumber & Veneer Co. v. Atlantic Coast Line R. Co., 5 Cir., 117 F.2d 329. Appellant urges that in charging the jury on the last clear chance doctrine the court committed reversible error in a portion of the charge which instructed the jury that before Stewart could be found negligent under this doctrine, "you must find that such contributory negligence did not continue up to the moment of the injury, and was not a contributing and efficient cause of the injury." Compare this with the language of Becker v. Blum, 142 Fla. 60, 194 So. 275; Ward v. City Fuel Oil Co., 147 Fla. 320, 2 So.2d 586; Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401.

No good purpose could be served by here reviewing the details of the court's charge on the doctrine of the last clear chance, or by discussing the many cited cases which have applied or refused to apply the doctrine according to their particular fact situations, for we think it clear that the case at bar is not one for application of the doctrine. In general, it may be stated that under the doctrine of the last clear chance a person who has negligently placed himself in the path of a vehicle may nevertheless recover against the driver or his principal if it is shown that such driver failed to use reasonable and ordinary care to avoid the accident after he discovered, or ought to have discovered, the perilous position of the pedestrian. 5 Am.Jur. 778, Automobiles § 490. The doctrine of the last clear chance implies thought, appreciation, mental direction, "and the lapse of sufficient time to effectually act upon the impulse to save another

from injury, or proof of circumstances which will put the one charged to implied notice of the situation." Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401, 404. Where the emergency is so sudden that there is no time to avert the accident, the doctrine is not applicable. 38 Am.Jur. 905, Negligence § 219; Ward v. City Fuel Oil Co., 147 Fla. 320, 2 So.2d 586.

The record here shows that Schoen was walking into the northbound traffic lane at a point other than a regular crossing place; that Stewart, who was keeping a lookout, discovered his presence when the automobile was not more than 50 feet away; that after Stewart saw Schoen, he immediately applied the brakes and brought the car to a stop; and that before the car came to a full stop Schoen had walked in front of it or into its side. With the automobile traveling from 20 to 25 miles per hour, from 30 to 37 feet per second, and with Schoen only 50 feet or less away, Stewart had little more than one second in which to react to the situation, apply his brakes, and bring the automobile to a stop. He did react promptly; he applied the brakes to stop the automobile, but it was too late to avoid the accident. The emergency was so sudden that there was no time for Stewart to do more than he did do. Cf. Standard Oil Co. v. McDaniel, 52 App.D.C. 19, 280 F. 993. A careful review of the record leads to the inescapable conclusion that Schoen's negligence in blindly walking into the lane of moving traffic was the sole proximate cause of the accident, and that the facts do not make a case for application of the last clear chance doctrine.

The verdict and judgment for the defendant were proper.

Affirmed.