**HUMPHRIES v. BOERSMA et al.**

No. 13166.

United States Court of Appeals
Fifth Circuit.

July 13, 1951.

Rehearing Denied Aug. 10, 1951.

William W. Ogden, New Orleans, La., G. H. Martin, Fort Lauderdale, Fla., for appellant.

A. Judson Hill, Goble D. Dean, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Mrs. Humphries, the appellant, being cast in her suit for personal injuries suffered when she was struck while walking across a street in Fort Lauderdale, Florida, by an automobile driven by appellee, Leila Boersma, prosecutes this appeal. Appellant contends that her negligence, if any, was not the proximate cause of, nor contributory to, her injuries, and that appellee's specified negligence was the sole proximate cause of the accident. In the alternative, appellant contends that appellee, Mrs. Boersma, had the last clear chance of avoiding the accident and, therefore, any negligence on her part was not the immediate and proximate cause of her injuries. The appellees contend that the proximate cause of the accident was the negligence of appellant, and further, that even if the appellee had been found negligent the appellant was

guilty of contributory negligence and for that reason is barred from recovery.

The Court entered findings of fact, (which indicate the circumstances of the occurrence), and conclusions of law,[1] upon which judgment was entered for the defendants. We add that both the appellant pedestrian and the appellee driver testified that they were "looking", but neither "saw" the other until the instant of the impact. The appellant contends that the Court's appraisal of the facts is erroneous as a matter of law. Counsel for appellant argues, with earnestness and ability which might well be successful in a better case, why this is so. In final analysis, however, the validity of his argument is dependent upon whether the law would compel a finding under the circumstances of the case that the driver of the car *saw* Mrs. Hum-

"Findings of Fact

1. "On February 17, 1948, at about 7:00 P. M., defendant, Mrs. Leila Boersma, was operating the automobile of her husband, Barney Boersma, in a northerly direction on North Andrews Avenue approaching N. E. Fourth Street in the City of Fort Lauderdale, Florida. Defendants are citizens and residents of the State of Michigan. The weather was clear, the streets dry, and although it was not yet dark, the street lights had been lighted and plaintiff [defendant] and others had turned on the head lights of their automobiles. Defendant, Leila Boersma, had stopped her automobile for a traffic light two blocks south at the intersection of North Andrews Avenue with N. E. Second Street, and as she approached N. E. Fourth Street, was proceeding at the rate of approximately twenty-five miles per hour and looking ahead of her, her automobile being in good condition. North Andrews Avenue, at the north of its intersection with Fourth Street, is forty-nine feet wide and paved with a black hard surface. At approximately the same time the plaintiff, Mrs. Ada Humphries, a citizen and resident of Fort Lauderdale, Florida, started to cross North Andrews Avenue from the east to the west side, in order to return to her home, which was on the west side of North Andrews Avenue approximately 100 feet north of Fourth Street. Plaintiff did not start across North Andrews Avenue at the street intersection, but left the east curb of North Andrews Avenue at a point approximately fifty feet north of said intersection. Plaintiff was dressed in dark clothing. Plaintiff did not effectively look to her left for traffic which might be approaching on North Andrews Avenue from the south. When plaintiff had reached a point about half way from the east curb to the center line of North Andrews Avenue, that is, a distance of approximately twelve or fifteen feet from the east curb, she was struck by the right fender of Mrs. Boersma's automobile and knocked down. She did not see the Boersma automobile until she had been struck. Mrs. Boersma did not see plaintiff until she was directly in front of her automobile. Mrs. Boersma immediately swerved to her left and applied her brakes, but did not have time to avoid striking the plaintiff. Mrs. Boersma exercised ordinary and reasonable care to see anyone who might come within the pathway of her automobile. Plaintiff did not exercise ordinary or reasonable care for her own safety, in failing to look to her left for approaching automobiles. Plaintiff continued to walk across the street until the moment of impact without exercising ordinary and reasonable care for her own safety, and her negligence was the sole cause of the accident. I do not find that Mrs. Boersma was negligent. I find that there was no appreciable interval after Mrs. Boersma saw, or in the exercise of ordinary and reasonable care could have seen, the plaintiff in a position of peril, within which, by the exercise of ordinary and reasonable care, Mrs. Boersma could have avoided the accident. Plaintiff sustained a badly fractured femur as well as minor cuts and abrasions. The fractured femur did not knit, and was set with a plate, but good union has never been secured. Plaintiffs injuries are severe and permanent.

"Conclusions Of Law

"Upon the facts found, my conclusions of law are:

"That plaintiff, while undertaking to cross the street at a point other than a cross-walk or intersection, was required to yield the right of way to approaching vehicles; and

"That the accident was the result of the sole negligence of the plaintiff; and

"That the defendant, Leila Boersma, had no last clear chance of avoiding the accident.

"It is further my conclusion that plaintiff is not entitled to recover anything of defendants."

phries while she was crossing the street so that she could have prevented striking her.

 The Florida law controlling on the question of negligence, contributory negligence, and last clear chance is not really in dispute. The difference between the parties is in the application of the law to the facts in this case. In a case such as the present, in Florida the "comparative negligence" rule is not in force and if the negligence of an injured person contributes in any appreciable degree to the injury received by him, Florida jurisprudence enforces the principle of the common law, which prevents a recovery of damages for the injury.[2] Florida law recognizes the doctrine of last clear chance,[3] but to successfully invoke it the plaintiff must show that he was free of concurring negligence, and if his own contributory negligence continued until the time of the injurious act, he can not recover.[4]

 Experience has established, and daily confirms, that "proximate cause", "sole negligence", "contributory negligence", "concurring negligence", and "last clear chance" are not absolutes. It is the exceptional case when they can be determined and enforced as a matter of law. Determination of the existence or nonexistence of these elements in a given case generally must be made upon consideration of all the facts, with the result usually influenced and controlled by the comparative weight which the trior of facts accords the acts of the parties when compared with what would have been done in the same or similar circumstances by the law's "prudent man". It is only natural then, that, upon review of such findings, the reviewer may frequently conclude that the evidence would also support a contrary finding. But in cases like the present the proper test is to ascertain whether the determination of the trial Court is "clearly erroneous". Upon consideration of all the evidence in the light of the well established and applicable law, we conclude that the finding of the trial Court in favor of the defendants is legally supported.

The judgment of the trial Court is affirmed.

---

2. Stanford v. Atlantic Life Ins. Co., 5 Cir., 109 F.2d 428; Christopher v. Russell, 63 Fla. 191, 58 So. 45; Cornell v. First National Bank, 121 Fla. 192, 163 So. 482.

3. Consumers Lumber & Veneer Co. v. Atlantic Coast Line R. Co., 5 Cir., 117 F.2d 329.

4. Davis v. Cuesta, 146 Fla. 471, 1 So.2d 475; and citations; Schoen v. Western Union Telegraph Co., 5 Cir., 135 F.2d 967, and cases cited; Lindsay v. Thomas, 128 Fla. 293, 174 So. 418.