MATHEWS, Justice.
This is an appeal from the final judgment in a personal injury case.
The first question to he answered is whether or not the trial court should have directed a verdict for the defendant because the plaintiff had failed to prove any negligence on the part of'the defendant or that the evidence as to contributory negligence on the part of the plaintiff was so conclusive that there was nothing to submit to the jury.
There were some conflicts in the evidence with reference to the acts of the defendant from which a jury might infer negligence and also there were conflicts from which the jury might draw the conclusion or inference that the plaintiff was not guilty of contributory negligence. The questions arfe close ones but there were sufficient conflicts to justify a submission of the case to a jury on the question of negligence on the part of the defendant and contributory negligence on the part of the plaintiff.
 A more serious question is presented with reference to the charge of “Last Clear Chance.” The accident in this case happened at an intersection. It was rainy, the weather was bad and visibility was limited to somewhere between 100 and 200 feet. No traffic signals were working. The plaintiff did not .notice that the traffic signals were not working until he was approximately 75 feet, from the intersection. The trees and posts in a parkway did not prevent him from seeing to the east and northeast.' Plaintiff was traveling in that direction as the bus approached. The bus was about 25 feet long, white and well lighted. The plaintiff approached this intersection under these conditions at between 30 and 35 miles per hour. At the time of the impact, plaintiff testified, he was going 27 or 28 miles per hour. Plaintiff admitted having knowledge that the pavement was oily and slippery.
The bus made a left-hand turn at this intersection and the bus driver testified that he stopped momentarily before proceeding across. Other testimony was that he was going slow and not in excess of 10 miles per • hour. After the bus driver saw the car approaching at a rate of speed of between 30-and 35 miles per hour, he stated that he tried to increase his speed so as to get out of the way of the oncoming car because it appeared that he was making no effort to stop. At this time the bus was already in the intersection to the extent of 8 or 9 feet. There is some question as to whether the plaintiff’s car swerved to the left. The plaintiff testified that he attempted to turn to the left so as to pass the bus but the car did not turn and he continued in the same direction. The bus driver testified that the car did not even as much as cross the yellow line “ * * * he kept coming straight on, straight, right toward the bus.” The plaintiff testified that ■ he was aware of the intersection in question and that it was a busy one. He had traveled there a number of times before. The plaintiff also testified that the front wheels of the bus were already in the lane of traffic when he first saw the bus and it was at that time that he first applied the brakes when he was going between 30 and 35 miles per hour, and he only slowed down, to the .extent of between 20 and 28 miles per hour when the accident occurred. The front of the plaintiff’s car hit the rear of the defendant’s bus. The bus was about 25 feet long.
When the bus driver was confronted with the conditions hereinabove set forth, the front of his bus was in the intersection and he saw the oncoming car 75 feet away, going at a speed of between 30 and 35 miles per hour. At that point, instead of stopping, he used his best judgment in attempting to speed out of the way of the oncoming car. It would have done no good to stop.
The facts shown by this record did not justify any charge with reference to “Last Clear Chance.” In the case of Lindsay v. Thomas, 128 Fla. 293, 174 So. 418, 420, the Court said:
“In such last-mentioned cases, that is, where the plaintiff has been guilty of a lack of vigilance for his own safe *489 ty amounting, to something more than having negligently, placed himself in a position of peril from which he could not, at the time of the accident, extricate himself even though he then realized his peril and desired to avoid it, the defendant is deemed to have the ‘last clear chance’ only if he realizes or has reason to believe, that the plaintiff is inattentive and consequently in peril and that he (the defendant) can avert the harm by the careful use of his then existing ability.”
See also Davis v. Cuesta, 146 Fla. 471, 1 So.2d 475; Ward v. City Ice & Fuel Co., 147 Fla. 320, 2 So.2d 586.
The judgment should be set aside and a new trial granted.
Reversed, with directions to proceed further in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur. ,