THOMAS, Justice.
In the collision of a car occupied by the appellees, Henry Lee Langford and Eld-ward Brenner and by William Leonard Vickers, the husband of appellee, Eugenia *803 Vickers, with a truck owned by Ippolito & Sons driven by Jack Ippolito, Henry Lee Langford and Edward Brenner were injured and William Leonard Vickers was kilíed. Actions instituted by the injured persons and by the widow of Vickers were consolidated in a trial which culminated in judgments for the plaintiffs.
Of course, the versions of the mishap vary but enough of the circumstances immediately preceding the impact are undisputed to give a fairly clear background of an almost head-on collision in appellees’ lane.
Besides the surviving passengers of the car and the driver of the truck, there were but two eyewitnesses, an airman and his wife who, in their car, were following the truck, but their testimony had little value because the collision happened so suddenly and unexpectedly and their view was obscured by their closeness to the truck.
It is clear that the truck was proceeding northward, the car southward, and that the impact occurred on the west side, of the highway; it is not clear how they came to meet in the west lane.- According to the appellants’ version the car was approaching on the east, the truck’s side of the highway, and the truck driver at the last moment swerved to his left into the lane the passenger car should have been following, presumably because that was the proper course to attempt to avoid a collision, and'at the same instant the passenger car returned to its side of the road. The appellees, on the other hand, insisted that they were in their proper lane all the while and that without warning or excuse the truck driver turned into their path.
In these circumstances, were it not for the charge we will discuss, we would adopt the view that the judgments -should be affirmed simply because the choice of versions was one for the jury and there was sufficient testimony to support their conclusion that the appellants’ driver was at fault and we, therefore, reject appellants’ contentions that the testimony was so “improbable, if not impossible,” that the judge erred when he denied their motions for a directed verdict and for a new trial.
The appellants complain also about the judge’s charge to the- jury with reference to the doctrine of “last clear chance” which, he directed, should be applied “as much, ‘to one side as the other.” Evidently this statement was prompted by presence of a counterclaim, but it should be said that the appellants asked for no such charge and resisted the giving of the charge at appellees’ request. We think the charge was improper and we find in the record no reason for holding it harmless. For the charge to be apposite we would have to assume that ap-pellees’ car had actually been travelling in the wrong lane, that the negligence of their driver presumably had ceased the instant he returned to the right lane, and that the driver of the truck was then given the opportunity to avoid the collision.
If the appellees stood upon the fact that their car was passing along the highway in its proper lane and that the driver of appellants’ truck cut into its path without reason for his action theft there was no occasion for the charge because the question was a simple one of negligence. But if the driver of appellees’ car was actually proceeding on the wrong side of the road with the approaching truck in full view, and he turned into the right lane just as the truck turned left to attempt to avoid the collision, then the appellees could not successfully urge the proposition that their driver’s negligence at that moment ceased and the appellants should be responsible because the driver of their truck didn’t get out of the way. Such an .application of the doctrine would require reaction of super human speed for the time between the discontinuance of their driver’s negligence and the occurrence of their injury would be reduced to a flash, during which the driver of the truck would be expected to take' advantage of the last clear chance to avoid the injury. See Miami Transit Co. v. Goff, Fla., 66 So.2d 487.
We dislike to require the re-trial of a case which obviously was painstakingly tried and took much time in the trying, but we think *804 the giving of the charge was error and we cannot say it was harmless.
The other questions posed by the appellants do not require discussion and decision.
The judgment is reversed for a new trial.
Reversed.
ROBERTS, C. J., and TERRELL, SE-BRING, HOBSON, MATHEWS and DREW, JJ., concur.