TERRELL, Justice.
This is our second consideration of this case. Miami Transit Company v. Goff, Fla., 66 So.2d 487. When the mandate went down from the first appeal a new trial was held, at the conclusion of plaintiffs case defendant moved for a directed verdict which was granted, and final judgment was entered for defendant. This appeal is from the judgment so entered.
The only point for determination is whether or not the trial court committed error in granting the motion for directed verdict in favor of defendant at the conclusion of the plaintiff’s case.
The answer to this question turns on that of whether or not plaintiff’s evidence created an issue for the jury. The question in the case is whether or not defendant operated its bus in such a negligent and careless manner as to collide with an automobile owned and operated by the plaintiff, causing him serious injury. The collision took place at the intersection of N. W. 22nd Avenue and 79th Street in Miami. There was a plea of contributory negligence and assumption of risk. The accident took place about 6 P. M. April 5, 1950, the traffic signal at the intersection was not working, it had been raining hard all day, visibility was not exceeding 100 to 200 feet, the plaintiff was traveling easterly on the south half of 79th Street, an east-west street divided by an 18 foot parkway, the street was asphalt and slippery when wet, a fact well-known to plaintiff.
The bus was being operated in a westerly direction on 79th Street. When it arrived at the intersection, normally controlled by a traffic light, the bus driver made a left hand turn, intending to proceed south on 22nd Avenue. The bus was about 25 feet long, had no passengers at the time, it was painted white, the headlights were on and when it arrived at the intersection it made a left hand turn on driver’s signal. When the front end of the bus cleared the south curb line of the intersection the plaintiff’s oncoming car struck the extreme right rear corner of the bus. The impact occurred near the center of the south half of 79th Street, the bus had completed the turn and had headed south. The plaintiff was running about 30 miles per hour, did not slacken his speed, the bus was pushed about 90 degrees from its course by the impact. The evidence was that of the plaintiff and two witnesses, various engineers’ diagrams and photographs.
Diagrams and photographs, in fact physical evidence, generally may speak so loud that one will not hear the witnesses. We have examined the oral and the physical'evidence in this case and we cannot escape the conclusion that the trial court acted too hastily in taking the case from the jury. Appraisal of the weight of the evidence is always a jury question and in this case the oral and physical evidence required deductions from diagrams, photographs and other evidence, that should have been resolved by the jury instead of the court.
The judgment appealed from is accordingly reversed and a new trial awarded.
Reversed.
MATHEWS, C. J., and THOMAS, HOBSON and ROBERTS, JJ., concur.