CLENDENIN, et ux v. CADDELL & JACKSON CO.

No. 60-1748-L.

Circuit Court, Duval County.

May 4, 1961.

Rogers, Towers, Bailey & Jones, Jacksonville, for plaintiffs.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard upon defendant's motion for a summary judgment upon the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

A study of the pleadings, depositions and affidavits on file reveal, when construed in a light most favorable to the plaintiffs, that the plaintiff Rosa Clendenin was operating her automobile at a speed approximately 15 miles per hour along a portion of Hendricks Ave. which was undergoing major repairs; that she entered the portion undergoing major repairs (easterly half) from Emerson St. and traveled generally northerly along that portion to a point approximately two blocks north of the place of entrance where she intended to drive upon the westerly half of Hendricks Ave. which was open for two-way traffic and not undergoing repairs. As she approached this point and was slowing down her automobile was driven onto a mound of lime rock which protruded above the remaining lime rock roadbed approximately

15 inches, under which mound of lime rock there was a manhole which struck the front "axle" or cross member between the two front wheels and stopped the automobile dead still. Plaintiff did not observe this "mound" before the collision but was aware of the fact that the roadway was under construction, was covered with lime rock, that the roadway was marked by signs indicating construction in progress and she actually saw trucks and other construction vehicles on the roadway. She also saw other manhole covers protruding above the surface of the lime rock roadbed which were not obscured by lime rock "mounds".

The defendant is entitled to prevail on this motion if under all the circumstances plaintiff can be shown to have been guilty of contributory negligence as a matter of law *or* if in consideration of all the evidentiary facts set forth, there is no evidence to support a finding by a jury that the defendant has been guilty of negligence.

Without ruling on the question of whether or not plaintiff has been guilty of contributory negligence as a matter of law, this court is of the opinion that there is no evidence from which a jury would be entitled to draw any inference of negligence of the part of the defendant. It is well settled that the prime foundation of liability in negligence cases is knowledge, or what is deemed in law to be the same thing — namely, opportunity by the exercise of ordinary and reasonable care to acquire knowledge of the peril which subsequently results in injury. Fault on the part of a defendant must be found in his action or nonaction, accompanied by knowledge, actual or implied, of the probable results of his conduct contemporaneous with the infliction of injury. (See Lindsay v. Thomas, 128 Fla. 293, 174 So. 418.)

The only act or omission in this case which would tend to support the allegations of plaintiffs' complaint is the failure of the defendant to mark or provide warning of the particular "mound" of lime rock which concealed the protruding manhole; however, the law is clearly settled that where provision has been made for alerting drivers to the condition of a street under repair, such as by partial barricades or signs at the termini, the contractor is not required to give warning of individual imperfections and obstructions which a motorist may encounter and may need to avoid in driving along such streets. See 25 Am. Jur., Highways, §413, and Finkelstein v. Brooks Paving Co., 107 So. 2d 205. Therefore, defendant was under no duty to mark the "mound of lime rock" or provide special barricades under the circumstances of this case and there is no showing of any negligence on the part of the defendant. Proof of injury cannot be substituted for proof of negligence.

Accordingly, it is ordered and adjudged that plaintiffs shall take nothing by their complaint herein and that defendant shall go hence without day, and have and recover of and from plaintiffs its costs herein taxed at $65.20, for which let execution issue.