BARKDULL, Chief Judge.
Appellant, plaintiff in the trial court, appeals from an adverse final judgment entered upon a directed verdict at the con- *714 elusion of all the evidence, subsequent to the trial judge indicating that he did not find that the doctrine of “last clear chance” was applicable and would not charge the jury on the doctrine. The appellant has appealed from this final judgment and assigned as error the failure to consider giving such a charge under the facts of the instant case.
It appears from the record that this was a pedestrian-automobile accident which occurred in the middle of a block, outside of a pedestrian crosswalk, and in an area where there was no reason for the defendant to anticipate pedestrians to cross this street. At this time the plaintiff deliberately walked through two lanes of stopped traffic and proceeded into the third lane [which contained moving traffic] without looking in the direction from which the defendant’s automobile was proceeding. It is conceded that the plaintiff was guilty of contributory negligence as a matter of law, but it is urged that the defendant had the last chance to avoid the accident.
 A crucial ingredient necessary to bring in the play of the doctrine of last clear chance and to relieve a plaintiff from his own contributory negligence is a showing by the plaintiff that the defendant had the last opportunity to avoid the accident. See: Ward v. City Fuel Oil Company, Inc., 147 Fla. 320, 2 So.2d 586; Douglas v. Hackney, Fla.1961, 133 So.2d 301. In viewing the evidence in this record in a light most favorable to. the plaintiff, it is apparent that he failed to demonstrate that the defendant had this opportunity to avoid the accident. The plaintiff placed himself in a position of peril, at most, within 45 feet of the defendant’s oncoming automobile [which was traveling at 25 miles an hour; well within the speed limit] and on a day when the streets were damp from rain. The combination of these events made it impossible for the defendant to stop his vehicle before striking the plaintiff. The defendant having no opportunity to avoid the accident after the plaintiff placed himself in a position of peril, it would have been erroneous to charge the jury with an instruction on the doctrine of last clear chance. See: Becker v. Blum, 142 Fla. 60, 194 So. 275; Lee County Oil Company v. Marshall, Fla.App.1957, 98 So.2d 510. Therefore, the action of the trial judge in granting the directed verdict is hereby affirmed.
Affirmed.