TILLMAN PEARSON, Judge
(dissenting).
My dissent is upon the application of the law stated in the majority opinion. The fundamental purpose for the summary judgment procedure is to relieve the litigant and the court from the trial of baseless lawsuits. Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5; General Truck Sales, Inc. v. American Fire & Casualty Company, Fla.App.1958, 100 So.2d 202. By expediting the disposition of such claims, the summary judgment procedure saves valuable trial time and thus assists in securing speedy and inexpensive justice. Cook v. Navy Point, Fla.1956, 88 So.2d 532. The principle that any conflict in the evidence will preclude summary judgment can destroy the purpose of the rule.
It is my view that the plaintiff’s own testimony established that she approached the stop sign at a speed at which she could not stop on the wet pavement, and that she then voluntarily darted into the intersection when the defendant was only 100 feet from her. Therefore, this is not a proper case for the application of the doctrine of last clear chance. Compare Wilde v. Kelly, Fla.App.1964, 160 So.2d 713; Rodriguez v. Haller, Fla.App.1965, 177 So.2d 519.
If a party'moved against has admitted facts which preclude him from ever obtaining a judgment, then there is no necessity for a trial and a -summary judgment is proper. Connolly v. Sebeco, Fla.1956, 89 So.2d 482.