THE MIAMI BEACH RAILWAY COMPANY v. PAUL E. DOHME

179 So. 166.
En Banc.
Opinion Filed February 16, 1938.

*Frank Smathers,* for Plaintiff in Error;

*Taylor & Segall* and *J. M. Flowers,* for Defendant in Error.

ELLIS, C. J.—In February, 1930, Paul E. Dohme, at about seven or eight o'clock at night of the twenty-sixth day of the month, was riding in his Model T Ford coupe southward on Washington Avenue in the city of Miami Beach. As he approached the intersection of the Avenue with Seventh Street an automobile backing from its parking place in front of the William Penn Hotel on the west side of the Avenue and north of Seventh Street made it prudent for Dohme to bear to the left, which brought his automobile on the street car track of the Miami Beach Railway Company.

Dohme crossed Seventh Street and continued southward in the center of the Avenue on the track of the Miami Beach Railway Company and collided with a northbound street car belonging to the Company. The accident occurred about seventy-five feet south of the intersection of the Avenue with Seventh Street.

The automobile in which Dohme was riding was badly damaged and the legs of Dohme were broken at the knee joints and his knee caps were badly injured. He was immediately taken to a hospital where he was treated for his injuries. He was compelled to remain in the hospital for several weeks and incurred a large hospital and surgeon's bill.

In July, 1931, Dohme instituted an action for damages for personal injuries against the Miami Beach Railway Company, which was the owner and operator of the street car with which Dohme's car collided. The declaration is

in five counts in which negligence is laid against the Railway Company because, as it is alleged in the declaration, the street car was not equipped with proper lights; the agent of the Company driving the street car carelessly and negligently operated it; the street car was negligently operated at a high and rapid rate of speed; the driver of the street car failed to sound an alarm of its approach, and fifthly, the motorman or driver of the street car negligently failed to keep a diligent lookout ahead for approaching automobiles.

A demurrer to the first count was sustained and thereafter the plaintiff amended that count by alleging more specifically the act of negligence in failing to provide sufficient lights on the approaching street car. The defendant Company interposed pleas of not guilty and contributory negligence. There were seven of such pleas. Demurrers to the fifth and sixth pleas were sustained. Those pleas averred that the automobile was driven at the time of the accident by another person than the plaintiff. There was no amendment of those pleas and the action of the court in sustaining demurrers to them is not attacked by the plaintiff in error. Indeed the point is of no importance in the case because there was no evidence whatsoever to support the averments of those pleas.

The parties went to trial on the pleas of not guilty and the second, third, fourth and seventh pleas of contributory negligence. There was a trial in July, 1936, resulting in a verdict and judgment for the plaintiff, Paul E. Dohme, in the sum of $3,000.00. A motion for a new trial was overruled and the defendant Miami Beach Railway Company took a writ of error to the judgment and seeks to reverse it here upon the errors alleged to have been committed and set forth in the plaintiff's brief.

The first question of law as presented by the plaintiff's brief relates to the relative rights of the public using the street for transportation in private vehicles upon the track of a street railway and the use of that track by the Street Railway corporation which uses it upon which to propel its cars. The second question relates to the degree of care to be exercised by a motorman driving a street car between street intersections and at street crossings. The third point presented relates to the obligation resting upon the driver of an automobile traveling in the center of the street occupied by a street railway track to exercise reasonable care to avoid a collision with a street car approaching from the front which is being propelled upon the tracks of a street railway company.

A street railway Company has no exclusive right to that part of the street on which its tracks are laid. In view of the fact that street cars run upon a fixed track and are operated for the convenience of the public they may be said to have a paramount or superior right to the use of the track between street crossings whenever their rights conflict with the rights of a traveler on the street whether a pedestrian, equestrian or driver of a vehicle to the extent that such traveler must reasonably give way to an approaching or passing car. Subject to this qualification the rights of the traveler and the Company operating the street car are reciprocal. It is as much the duty of the traveler whether pedestrian or passenger in a private vehicle to use ordinary care to avoid a collision with an approaching street car as it is the duty of the Company operating the street car through its agents to use ordinary care to avoid a collision with a pedestrian or a private vehicle. This principle is upheld in the case of Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233; and 60 C. J. 395.

The accident out of which grew the action for damages in this case occurred upon Washington Avenue south of the intersection of Seventh Street about seventy-five or one hundred feet and north of the intersection of Sixth Street with the Avenue. It is complained by the plaintiff in error that the charge of the court upon the reciprocal duties of a traveler upon the public highway between intersections of streets and that of the Company operating a street car did not present to the jury an accurate conception of the duties of the respective parties to avoid a collision of the two vehicles.

The charge given by the court was as follows:

"The Court charges you that street cars, regardless of the power by which they are impelled, have no superior rights to other vehicles in and upon a street; that the use of the rails and cars upon the street is considered only as a more convenient way of using a street, without imposing any new burden upon it."

The defendant requested the following charge which was denied, to which exception was taken:

"The right of a street railway company to that part of the street upon which its tracks are laid, is not an exclusive one, yet the street railway's rights are superior to those of the general public, except at street crossings, where the rights of both the street railway company and the public are equal."

The plaintiff in error contends that both the charge given and that which was refused were essential in view of the facts in the case to give the jury a correct conception of the duty of the plaintiff to avoid the collision with the street car which he saw approaching and which according to his own testimony and that of the testimony of other witnesses he may have had ample opportunity to avoid.

There was evidence from which the jury might reasonably have inferred that the plaintiff after crossing the intersection of Seventh Street saw the approaching car some one hundred feet or more away in time to avoid the accident which it was his duty to do. If he could have by the exercise of reasonable diligence avoided the accident either by stopping his automobile or leaving the track of the street railway but failed to do that and continued his course southward until he collided with the street car, he was guilty of such negligence as would preclude his recovery, because in such case his negligent act would have been the sole proximate cause of the injury. Farnsworth v. Tampa Electric Co., *supra.*

The criticism of the charge given and that which was refused as quoted above we think is sound because the failure to present the idea expressed in the two charges for consideration by the jury in the light of the evidence deprived the defendant of a right to which it was entitled in the determination of its liability in this case.

There was abundant evidence in this case from which the jury could have concluded that the plaintiff saw the approaching street car in ample time to have avoided the collision and from which the jury might also have inferred that facilities were available to plaintiff to do so.

There was much contradiction of testimony which it was the province of the jury to reconcile if it could, nevertheless the defendant had the right to the presentation to the jury of the correct measure or degree of liability imposed upon it in the light of testimony which it was the duty of the jury to evaluate.

We deem it unnecessary to discuss the second point because it would be impractical and super-theoretical in the light of the evidence in this case to discuss the degree of care that a motorman should exercise in propelling a street

car between street intersections. The motorman of a street car and the pedestrian or traveler in an automobile using the same street have reciprocal obligations to use reasonable and ordinary care to prevent an injury by the impact or collision of one upon the other. No arbitrary or set rule can be laid down by which to measure the degree of care to be exercised in every case. The reasonable or ordinary care must be determined by the circumstances in each case.

The third point of law suggested by the brief presented the question whether the doctrine of last clear chance as applicable to the plaintiff was fully submitted to the jury for its consideration in the light of the evidence relating to the circumstances in which the plaintiff placed himself when the accident occurred.

In the case of Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 South. Rep. 401, this Court in its majority opinion announced the following rule of law: "The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. Such is a simple statement of the doctrine of 'The last clear chance.' "

If this Court continues to hold that such rule is applicable to the plaintiff then in this case the defendant was deprived by the charge of the court of the right to have that rule definitely submitted to the jury in the light of evidence appearing in this record that the plaintiff had a clear opportunity of avoiding the accident notwithstanding the negligence of his opponent.

It is true that there was conflict of testimony on the question of whether the plaintiff could have turned his car into the street to the west of the approaching street car because of the occupancy of the street by numerous passing automobiles traveling southward, nevertheless there was evidence from which the jury could have found that the

street was not so congested by passing automobiles or other traffic as to prevent plaintiff from turning his car westward to avoid the collision.

If is had been possible for the plaintiff to divert the course of his automobile by turning to the right into the street west of the approaching car without peril to himself from passing vehicles then he had a "clear opportunity of avoiding" the accident.

The defendant had a right to have that question of fact determined by the jury specifically as an element in the matter of its alleged liability for the injury resulting from the accident.

While the Court charged the jury as follows: "if the jury finds that the plaintiff, Paul E. Dohme, could have avoided the accident by the exercise of reasonable care and prudence and that he failed to exercise such care and prudence, and further finds that the failure to exercise such care and prudence was the sole proximate cause of the plaintiff's injuries, then, in that case, your verdict should be in favor of the defendant street car company," it refused specifically to charge as follows: "A motorist who drives on to a street car track is chargeable with seeing that which he is bound, as an average person in the exercise of ordinary care, to see, had he looked. A motorist who is struck by a street car, which he had ample opportunity to see, in time to avoid a collision, and did not, is contributorily negligent."

The two charges, that which was given and that which was refused, together presented the doctrine of the last clear chance as applicable to the plaintiff. The refusal of the court to give the charge requested deprived the defendant of the right in this trial to have the jury definitely to pass upon the question as an issue of fact whether the street was so congested that he was prevented from turning his

automobile into the street to the west of the approaching street car or that by so doing he would have increased the peril of his situation.

For the errors pointed out above, the judgment of the court should be reversed and a new trial ordered.

Reversed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.