129 So.2d 153 (1961)
Graham C. HOLDSWORTH, Appellant,
v.
James P. CREWS, Appellee.
No. 1932.
District Court of Appeal of Florida. Second District.
April 12, 1961.
Rehearing Denied May 4, 1961.
*154 Wallis E. Schulle; Earnest, Pruitt, Newell & Schulle, West Palm Beach, for appellant.
Robert E. Hathaway; Phillips & Hathaway, West Palm Beach, Claude S. Jones and Robert E. Mathews, Jr., Belle Glade, for appellee.
ALLEN, Chief Judge.
This is an appeal by the defendant below from an order granting appellee-plaintiff's motion for new trial and setting aside the jury verdict previously awarded in favor of defendant. The granting of the new trial was on the basis that the court had refused to give plaintiff's requested instructions relating to the last clear chance doctrine.
The accident occurred two miles south of the town of Pahokee, at an intersection with a private farm road called the Vandergriff-Williams Road. This dirt farm road extends eastward from State Road 15 thus *155 forming a T-shaped intersection. State Road 15 is paved, 24 feet in width, and is paralleled on the east by a drainage canal. The canal is bordered by Australian pine trees. A wooden bridge spans the canal connecting the dirt road with the highway.
Around noon on the day in question, the weather was clear but there had been some precipitation earlier in the day. The defendant was approaching from the north and planned to turn left onto the dirt road. The defendant saw the plaintiff approaching from the south at a high rate of speed and, according to his own testimony, the defendant realized he could not make it across the highway. As plaintiff approached, he and his passenger exchanged comments in regard to whether defendant was going to turn left across their lane of traffic. The defendant reduced his speed to approximately five miles per hour, then decided he could make it and began his left turn.
In order to avoid a broadside collision the plaintiff swerved to the right off the highway and hit a tree. There was no contact between the two vehicles. The defendant's vehicle stopped with a portion of it protruding into plaintiff's lane of the highway. After plaintiff's vehicle struck the tree, the defendant pulled his vehicle off of the highway onto the dirt road.
The decisive question presented by this appeal is whether or not the trial court erred in granting a new trial on the ground that instructions relating to last clear chance requested by the plaintiff should have been given. The decision of when to give instructions on last clear chance and when to refuse such instructions is many times a difficult decision for a trial judge to make. Moreover, the Supreme Court has emphasized that a trial judge when faced with a request for a charge upon the doctrine of last clear chance should be extremely cautious and that such a charge should never be given unless the evidence clearly demonstrates its applicability. Yousko v. Vogt, Fla. 1953, 63 So.2d 193, 194. Much has been written in regard to this doctrine in Florida and variously it has been said that the doctrine presupposes some negligence of a contributory character on the part of the plaintiff against which the doctrine prevails. Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; that the doctrine is a phase of the law of proximate cause, Dunn Bus Service, Inc. v. McKinley, 130 Fla. 778, 178 So. 865; that the doctrine is based on "the last negligent act," Davis v. Cuesta, 146 Fla. 471, 1 So.2d 475, 476; and so on.
To state the rule seems simple: (1) Where the plaintiff has placed himself in a position of peril; (2) and the defendant then or thereafter becomes, or in the exercise of ordinary care ought to become, aware not only of that fact, but also that the plaintiff either reasonably cannot escape from peril, or apparently will not avail himself of opportunities open to him for doing so; (3) that the defendant subsequently has the opportunity, by the exercise of reasonable care, to save the plaintiff from harm; and (4) that the defendant fails to exercise such standard of care. Shattuck v. Mullen, Fla.App. 1959, 115 So.2d 597; Parker v. Perfection Cooperative Dairies, Fla.App. 1958, 102 So.2d 645.
To apply the rule, however, and state it so that the Florida decisions are consistent, which they are, requires an analysis accompanied by some precision of thought. To do otherwise and try to reconcile judicial holdings against a background of a myriad of factual situations would lead only to confusion and apparent inconsistencies. This problem of varying fact situations led the court to observe in Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, 379:
"Although certain elements necessary to the applicability of the doctrine have been defined, our re-examination of decisions on the subject confirms the view that no definite rule can be stated with reference to factual situations in which the charge should or should not *156 be given, but that each case must be its own criterion. And the decision, of course, is one initially to be made by the trial judge. * * *"
It is basic, therefore, that the last clear chance is called into play only when the plaintiff is contributorily negligent and seeks to hurdle that bar to recovery. Accordingly, the contributorily negligent plaintiff avers that his own negligence does not bar his recovery because the defendant had the last clear chance to avoid the accident. Regardless of the philosophy behind this premise, if the plaintiff has not been contributorily negligent there is no occasion to apply last clear chance because the case is then purely one of whether the defendant was or was not negligent.
Illustrative of this proposition is the first Florida automobile case to discuss last clear chance wherein the doctrine was held to apply where a workman on a bridge, unaware of his danger, was killed by a truck, the driver of which had a clear view of the bridge for approximately two hundred feet before reaching it and was shouted at, in warning, by other workmen when he was one hundred seventy-five feet from the bridge. The Supreme Court, through Chief Justice Davis, in Merchants' Transportation Company v. Daniel, 1933, 109 Fla. 496, 149 So. 401, 403, explained the rationale of the doctrine as follows:
"The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. Such is a simple statement of the doctrine of `the last clear chance.' The last clear chance doctrine is not an exception to the general doctrine of contributory negligence. It does not permit one to recover in spite of his contributory negligence, but merely operates to relieve the negligence of a plaintiff or deceased in a particular instance, which would otherwise be regarded as contributory, from its character as such. This result it accomplishes by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff or deceased, and the accident, as the sole proximate cause of the injury, and the plaintiff's antecedent negligence merely as a condition or remote cause. The antecedent negligence of the plaintiff or deceased having been thus relegated to the position of a condition or remote cause of the accident, it cannot be regarded as contributory, since it is well established that negligence, in order to be contributory, must be one of the proximate causes. * * *
"The courts are wide of an agreement as to the extent of the last clear chance doctrine as applied to the operation of automobiles and the like. It is certain however that there are two situations in which it is uniformly applied: (1) Assuming that a traveler has negligently placed himself in a dangerous situation upon the highway, whenever the person in control of a motor vehicle actually sees his situation and should appreciate his danger, the last clear chance rule applies without regard to the continuing negligence of the traveler concurring with that of the operator up to the very instant of the injury; (2) Where the person in control of a motor vehicle, by keeping a reasonably careful lookout, commensurate with the dangerous character of the motor vehicle while in operation and the nature of the locality, could have discovered and appreciated another's perilous situation in time by the exercise of reasonable care to avoid injuring him, and the injury results from the failure to keep such lookout and to exercise such care, then the last clear chance rule applies, regardless of the injured person's prior negligence whenever that negligence has terminated, or culminated in a situation of peril from which the exercise of ordinary care on his part would *157 not thereafter extricate him. This latter phase of the rule applies whenever injury results from new negligence, or from a continuance of the operator's negligence after that of the injured party has so ceased or culminated. * * *"
At the outset, the appellant in the instant case contends that the evidence does not warrant the giving of the requested instructions in regard to the last clear chance doctrine. Briefly the record shows that the defendant approached a T-intersection intending to turn left; that he saw plaintiff's vehicle approaching from the opposite direction a quarter to a half mile away at an approximate speed of 75 to 85 miles per hour; that he "knew" he could not make it across the highway; but that he then, after stopping or nearly stopping, at the centerline of the intersection, did turn left into the path of the plaintiff's oncoming vehicle; and that plaintiff swerved to the right to avoid the collision, applied his brakes, and skidded until colliding with a tree beside the road.
A similar factual situation was presented in Panama City Transit Co. v. DuVernoy, 159 Fla. 890, 33 So.2d 48, 50. In that case the plaintiff motorcyclist was eastbound on a street in Panama City traveling at approximately sixty miles an hour; the westbound bus, intending to turn left, stopped or nearly stopped before it made the turn and then, apparently seeing the plaintiff, continued on with its left turn across the path of the motorcyclist. The jury found for the plaintiff and the defendant bus company appealed. The court held that the evidence gave rise to the application of last clear chance which is a phase of the law of proximate cause. More specifically, in affirming the verdict and judgment in favor of the plaintiff the Court stated:
"When all of the facts and circumstances are considered, the question of negligence was a question for the jury, as there was evidence sufficient to warrant the jury in finding the defendant careless in turning its bus to the left across the path of an on-coming motorcycle. If plaintiff's-appellee's motorcycle was being driven at an excessive rate of speed, then that is a factor which the jury had a right to consider in determining whether it was the duty of the bus driver to stop and wait. It appears evident that the jury concluded that the bus turned and proceeded forward when it should have waited. Its driver had the last clear chance to avoid the accident after the motorcycle driver had placed himself in a position of peril. This he failed to do, and we must assume that the jury found he was negligent in such failure."
In the instant case the defendant was aware of plaintiff's peril and admitted that he knew he could not safely cross the road prior to plaintiff's vehicle passing through the intersection. On cross examination, the defendant testified as follows:
"Q. Mr. Holdsworth, you stated on direct examination that when you come up to this intersection you saw the car of Mr. Crews approaching towards you down the highway?
"A. Yes.
"Q. And at that time you knew you couldn't turn, is that correct?
"A. That's right. That was before I got to the intersection.
"Q. And you knew that the reason then that you knew you couldn't turn, was because of this car coming toward you?
"A. That's right."
The appellant admits the similarity of the Panama City Transit case to the instant case but contends that it is an anomaly in Florida case law and that, in any event, plaintiff's negligence in the instant case continued until the collision occurred and, *158 therefore, constituted contributory or concurrent negligence. Stated differently, the contention is that the reason the doctrine would not be applicable is that if plaintiff could have reasonably extricated himself but did not, then the plaintiff's negligence continued and constituted the proximate cause of the injury. This reason, however, should not be confused with the doctrine itself and this distinction has been observed in the later Florida cases even though there is some language in the cases which might seem, upon a superficial examination, to be to the contrary. Thus, statements that "the plaintiff must show himself free from concurring negligence" is actually a shorter way of saying that before the doctrine is applicable, contributory negligence on the part of the plaintiff must be assumed; but that the defendant then had the last clear opportunity of avoiding the accident. The facts must then be examined closely in any case for if the defendant could reasonably do nothing, or if the plaintiff could reasonably extricate himself, then plaintiff cannot recover. Wawner v. Sellic Stone Studio, Fla. 1954, 74 So.2d 574, 576.
In the instant case the plaintiff did not apply his brakes upon seeing the defendant slowly proceeding toward the defendant's left to the center line of the highway. The plaintiff sounded his horn when he "was right on" the defendant in an attempt to get the defendant to "straighten" his vehicle. The passenger in plaintiff's vehicle testified that the plaintiff did not apply his brakes but that plaintiff sounded his horn when approximately 100 feet from the intersection. The plaintiff testified that defendant did not straighten up his vehicle but on the contrary proceeded across the center line "at least 75 per cent" into plaintiff's lane of traffic, thus causing plaintiff to swerve to the right. These events transpired after defendant had admittedly resolved in his own mind originally that he could not make it across the highway.
With these factors in mind we again refer to Wawner v. Sellic Stone Studio, supra, wherein the Court stated in regard to "concurrent negligence" as follows:
"* * * [W]here a person has negligently placed himself in a dangerous situation upon a highway and an approaching motorist `actually sees his situation and should appreciate his danger, the last clear chance rule applies without regard to the continuing negligence of the traveler concurring with that of the operator up to the very instant of the injury; * * *.' Merchants' Transport Co. v. Daniels [Daniel], 109 Fla. 496, 503, 149 So. 401, 403, supra. This proposition also was the substance of our holding in Williams v. Sauls [151 Fla. 270, 9 So.2d 369], supra, where we stated that the commission of the last negligent act renders prior negligent acts remote and immaterial." (Emphasis added.)
We have examined the cases relied on by appellant and find that they are clearly distinguishable on the facts and accordingly on the law as applied therein to the particular facts. We are not concerned with cases in which the parties did not see each other until the moment prior to impact nor are we concerned herein with cases wherein the defendant did not but should have seen the plaintiff, etc. In the instant case the defendant admittedly saw plaintiff approaching at an excessive rate of speed; the defendant realized he could not make it across the road; the defendant then, according to disputed testimony, continued to operate his vehicle to the left into plaintiff's lane of travel; and the accident resulted. It is true that the evidence of how far and how fast the defendant turned left into plaintiff's lane of travel is conflicting but as stated in Rosenfield v. Knowlton, Fla.App. 1959, 110 So.2d 90, 92:
"`Where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the *159 evidence, the court's charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.'"
The Court in the Rosenfield case concluded that the case should be reversed for a new trial on the basis that there was evidence presented, although conflicting, which warranted instructions on last clear chance.
After a careful review of the evidence in the instant case, we must conclude that plaintiff was entitled to instructions on last clear chance. The plaintiff was negligently traveling at an excessive rate of speed which fact was realized by defendant before he arrived at the intersection. Notwithstanding these facts, the defendant proceeded slowly into a left turn path rather than wait until plaintiff's vehicle had passed. Thus the record shows a negligent plaintiff, the defendant knew of plaintiff's peril, and the defendant then commits a negligent act rather than following a reasonable course of evasive action. Under the principles of law discussed herein the trial court, who had heard the testimony and observed the witnesses, properly granted a new trial on the grounds that the plaintiff's requested instructions on last clear chance should have been given.
As stated previously, this appeal is from an order of the lower court granting the motion by plaintiff for a new trial. The order stated that it was granted "upon the grounds Nos. 12, 13, 14 and 15 of" plaintiff's motion which grounds referred to the denial of plaintiff's requested instructions Nos. 8, 9, 10 and 11, respectively. These instructions are as follows:
8. "In determining the liability in this case, if any exists, you are to take into consideration to the extent applicable, the doctrine of last clear chance. This doctrine recognizes that a plaintiff may have been negligent in the beginning, that is to say, may have done some action or omitted some safeguard that would have been appropriate under the circumstances, and yet allows the plaintiff to recover, if the circumstances are such that after such action on the part of the plaintiff, the defendant could thereafter have avoided the accident."
9. "The last clear chance theory of the law, about which I have instructed you, is not to be limited to the actual knowledge on the part of the defendant as to the peril of the plaintiff which existed, but the driver is liable if he saw or by the exercise of ordinary care could have seen the peril, if any, of plaintiff in time to have avoided the accident by the exercise of ordinary care on the driver's part but failed to do so."
10. "If you find from the evidence that the plaintiff was negligent in exposing himself to danger, but that after the said plaintiff had so exposed himself to danger, the defendant driver could have avoided the injury by using ordinary care in keeping the automobile in proper control as he drove along the highway, and by keeping the proper lookout ahead, and such driver failed to use proper and ordinary care and his failure in this respect was the direct cause of the injury, then you should find for the plaintiff, if the other conditions of liability exist as set forth in these instructions."
11. "I further instruct you, gentlemen of the jury, that even if you find the plaintiff negligently placed himself in a dangerous position in the highway, the plaintiff still may recover from the defendant if you find the defendant knew, or by the exercise of reasonable diligence should have known, of the perilous position of the plaintiff and had the opportunity to avoid injury to the plaintiff but failed to avail himself of this opportunity and thereby caused the plaintiff's injuries."
*160 The appellant contends that regardless whether the doctrine of last clear chance was applicable, the requested instructions are "patently incomplete and reflect an erroneous statement of the doctrine of last clear chance." While the instructions are not an exhaustive statement of the doctrine and do not completely cover all elements thereof we do not think appellant's contention is well taken in view of the facts of this case and tested by prior case law of this jurisdiction.
In Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401, 404, the court set forth in the opinion an instruction in language similar in all material aspects to that of plaintiff's requested instruction No. 10. The court held that the instruction was not erroneous and stated in regard to the instruction not being complete:
"* * * To be sure, they (the instructions) did not undertake to discuss every phase of the law that might have been stated on the subject of the `last clear chance' rule as applied to the case at bar. But the charges were good as far as they went. If defendant desired additional instructions by way of explanation or qualification of that which had been stated, it should have prepared and requested the giving of such additional instructions * * *"
In Lindsay v. Thomas, 128 Fla. 293, 174 So. 418, 421, the court quoted three instructions relating to last clear chance which had certain qualifying language at the end of two of the instructions to the effect that the instruction would be applicable if the plaintiff was not guilty of contributory negligence. Without the qualifying language, the instructions were nearly identical to plaintiff's instructions Nos. 8, 9 and 10 in the instant case. In regard to the instructions quoted, the court in the Lindsay case held that if the instructions had been given without the qualifying language "they would have properly and clearly defined the meaning of `last clear chance' as it has been heretofore defined in our own decisions and in the other authorities to which we have made reference. See Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401, cited supra."
Instructions nearly identical to plaintiff's requested instructions Nos. 8 and 9 were approved by the Court in Parker v. Perfection Cooperative Dairies, Fla.App. 1958, 102 So.2d 645 which approval was also noted in the case of James v. Keene, Fla.App. 1960, 121 So.2d 186.
We must conclude that the instructions requested by plaintiff, although not a complete statement of all the elements of last clear chance, were satisfactory under the facts as to the elements covered when tested by prior decisions some of which are mentioned above. The appellant further contends that by failing to include a statement of law pertaining to whether plaintiff's negligence had terminated, the instructions are fatally incomplete under the holding of this court in Edwards v. Donaldson, Fla.App. 1958, 103 So.2d 256.
We have previously discussed herein the academic aspect of plaintiff's negligence and the effect thereon of subsequent conduct of the defendant and plaintiff so we will only deal now with the distinguishing characteristics of the Edwards case and the instant case. It is noted first that the decision in Edwards v. Donaldson was expressly based on the factually similar case of Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, as illustrated by this court's statement that the only differences between the two cases were that in the Edwards case there were no sidewalks present and the defendant driver first saw the plaintiff pedestrian about 40 to 50 feet away. Reference to these two cases illustrate the distinct difference between those factual situations and the instant case. More specifically in the Edwards case the plaintiff pedestrian in the nighttime in dark clothing walked along the pavement of the highway and in the lane of travel for vehicles *161 going in the same direction as plaintiff. The defendant driver, "immediately upon seeing the plaintiff," applied his brakes and cut the wheels of his truck as hard as he could to the left but the truck skidded ahead sideways and struck the plaintiff.
Our holding in the Edwards case was that under the facts of that case, based upon the factually similar case of Falnes v. Kaplan, supra, the doctrine of last clear chance was not applicable. We noted that the requested charge in the Edwards case was not a complete charge but that did not render the instruction erroneous. The omitted element in the instruction relating to plaintiff's failure to take steps to extricate himself from his peril was clearly presented by the evidence. It was upon this failure of plaintiff to take reasonable action to step out of the zone of peril, as clearly indicated by the evidence, that the conclusion of the Edwards case is predicated and not upon the omitted portion of an instruction.
It is fundamental that the office of jury instructions is to enlighten the jury upon questions of law which are pertinent to the issues of fact submitted to them. The purpose of jury charges is to guide and control the jury in their deliberations so that they may arrive at a verdict which is fairly based on the law and facts of the case. The litigants have the right to have the court instruct the jury as to the law applicable to the evidence under the issues presented. Williams v. Sauls, 151 Fla. 270, 9 So.2d 369. The trial judge's duty is to charge on the basic fundamental rules necessarily in issue, and special requests should come from counsel if they deem further elucidation necessary. In the instant case, if the defendant desired to have plaintiff's requested instruction supplemented so as to cover the question of whether plaintiff's negligence had terminated, the defendant could have prepared and requested additional instructions. Indeed, in Merchants' Transportation Co. v. Daniel, supra, the Court stated that the defendant should prepare and submit any additional instructions necessary to cover elements that it believes is lacking in plaintiff's requested instructions. See also Rule 2.6 (b) Florida Rules of Civil Procedure, 31 F.S.A.; Richardson, Florida Jury Instructions, Vol. 1, sec. 2.
The lower court granted a new trial in favor of the plaintiff because of the refusal to give plaintiff's requested instructions relating to the last clear chance doctrine. We concur with the lower court that instructions on the last clear chance doctrine should have been given at the request of the plaintiff.
Finding no error in the lower court's action, the order appealed from is affirmed.
Affirmed.
KANNER, J., and GERMANY, JOHN, A.J., concur.