ODOM, ARCHIE M., Associate Judge.
This is an appeal by the appellant, plaintiff below, from a judgment for appellee, defendant below, in a personal injury action. The case was tried by a jury and a verdict was rendered for defendant.
The main question raised in this appeal is whether the refusal of the trial judge to give an instruction on the doctrine of last clear chance is reversible error.
The facts of the case are as follows:
Appellant, an elderly woman, was standing in the center of an empty parking space in the middle of the block waiting to cross the street. Traffic was so heavy on her side of the street that she had to wait several minutes in this place. There were several vacant parking spaces on each side of the appellant. Since appellant was concerned primarily with the cars in the lane adjacent to her, she continually looked only to her left (north). A car, traveling south in the lane adjacent to appellant, stopped just north of the appellant, and the driver motioned to her to cross the street in front of his car. Just as appellant started to step out of the parking space where she was standing, she was struck by appellee’s car. Appellee had slowly backed into the parking place in which appellant was standing while appellant was looking to the left. Appellee continued to look south while she backed northward into the parking space and admittedly never saw the appellant and never knew she struck the appellant until a spectator informed her. Appellant never saw the car until she was struck. Ap-pellee’s automobile was barely moving at the time of the accident.
In the case of Shattuck v. Mullen, Fla.App.1959, 115 So.2d 597, Judge Allen, speaking for this Court, stated the principle of law applicable to this case in the following language:
“The classic example of the doctrine of ‘last clear chance’ is where a plaintiff, through his negligence, has placed himself in a position of peril in which *747 he is helpless. In this situation the plaintiff can recover despite his negligence if the defendant, after he knew or should have known of plaintiff’s peril, had the last clear chance to avoid injuring the plaintiff by the exercise of ordinary care and failed to do so. Merchants’ Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401; Miami Beach R. Co. v. Dohme, 131 Fla. 171, 179 So. 166. However, if the plaintiff has the opportunity to extricate himself from the perilous position by the exercise of ordinary care, and fails to do so, his negligence in the first instance will not be deemed terminated or culminated, but continues and constitutes contributory negligence. Edwards v. Donaldson, Fla.App.1958, 103 So.2d 256.
“The conditions under which the doctrine is ordinarily applied are: (1) that the plaintiff has already come into a position of peril; (2) that the defendant then or thereafter becomes, or in the exercise of ordinary care ought to become, aware not only of that fact, but also that the plaintiff either reasonably cannot escape from peril, or apparently will not avail himself of opportunities open to him for doing so; (3) that the defendant subsequently has the opportunity, by the exercise of reasonable care, to save the plaintiff from harm; and (4) that the defendant fails to exercise such standard of care. 23 Fla.Jr. Negligence, sec. 90; 38 Am.Jur. Negligence, sec. 217; Parker v. Perfection Co-op Dairies, Fla.App.1958, 102 So.2d 645. It would logically follow that in order for the doctrine to be applicable, it must be shown that the defendant was negligent in failing to avoid the accident after actual or implied knowledge of the situation with sufficient time to act on it, and that the plaintiff’s negligence did not continue up to the moment of injury and was not an efficient cause of the injury. Lindsay v. Thomas, 128 Fla. 293, 174 So. 418.”
In the case of Holdsworth v. Crews, Fla.App.1961, 129 So.2d 153, again speaking through Judge Allen, this Court stated the principle as follows:
“ * * * before the doctrine is applicable, contributory negligence on the part of the plaintiff must be assumed; but that the defendant then had the last clear opportunity of avoiding the accident. The facts must then be examined closely in any case for if the defendant could reasonably do nothing, or if the plaintiff could reasonably extricate himself, then plaintiff cannot recover. Wawner v. Sellic Stone Studio, Fla.1954, 74 So.2d 574, 576.”
In the case at bar, the undisputed evidence clearly demonstrates that both appellant and appellee could have avoided this accident at any time up to the actual impact by using reasonable care.
As stated by the Supreme Court in Yousko v. Vogt, Fla.1953, 63 So.2d 193:
“A trial judge when faced with a request for a charge upon the doctrine of the ‘last clear chance’ should be extremely cautious. Such a charge should never be given unless the evidence clearly demonstrates its applicability. If this be not true, the giving of such a charge would either work an advantage to the plaintiff to which he would not be entitled or at least would tend to confuse, rather than aid, the jury in the performance of its duty.”
The trial court was correct in the refusal to give an instruction on the doctrine of last clear chance in the factual situation presented by this case.
We have examined other points raised by appellant but find no error.
Affirmed.
SHANNON, C. J., and ALLEN, J., concur.