ALLEN, Judge.
Appellant, plaintiff below, in a personal injury action, brings appeal from a final judgment entered pursuant to a jury verdict for defendant.
The facts from which the action arose •are, briefly, as follows. Plaintiff-appellant was a passenger in a vehicle proceeding in a southerly direction on 34th Street in St. Petersburg. Defendant-appellee was the driver of a vehicle proceeding in a northerly direction on the same street, a four lane highway divided by a median strip. Defendant turned left thereby crossing the southbound lanes and was either moving or had stopped across these lanes when struck by the vehicle in which plaintiff was a passenger.
Plaintiff argues that the court erred in not directing a verdict for her on the issue of liability and further erred in giving certain instructions, particularly the following:
“I charge you that in determining whether the defendant is liable in this case, you are to take into consideration to the extent that you find it’s applicable, the doctrine of last clear chance. A simple statement of this doctrine is as follows: The person who last has a clear opportunity of avoiding an accident is considered to be the sole proximate cause of it, notwithstanding the negligence of another in placing himself in a position of peril. The application of this doctrine is such that if you find that Defendant was placed in a position of peril from which he could not readily extricate himself, and even though he placed himself in a position of peril because of negligence on his part, if you find that Plaintiff’s driver had the last clear chance and opportunity to avoid an accident and recognized or in the exercise of reasonable care should have recognized the peril of the Defendant, then the negligence of Plaintiff’s driver, if any, would be considered the sole proximate cause of the injuries, if any, sustained by Plaintiff. The last clear chance theory of law is not limited to the actual knowledge on the part of a motorist as to the peril of another motorist, but the operator of an automobile is said to be the sole proximate cause of an accident where he saw or by the exercise of ordinary care could have seen the peril of another motorist in time to have avoided the accident by taking such steps as an ordinarily prudent person would have taken under the circumstances, and yet failed to do so.”
Essentially, plaintiff-appellant argues that defendant-appellee was negligent and that this negligence was either the sole cause of a concurring cause of the accident and injury. Appellee contends, alternatively, that he was not negligent or that his negligence was a remote and not a proximate cause of the accident:
There was sufficient testimony to have supported a jury verdict that the defendant-appellee was negligent and there is no substantial evidence to the contrary. Appel-lee, without ascertaining that his path was clear, turned left across the southbound lane, turn prohibited by a city ordinance. Notwithstanding this unquestionable negligence, the question of proximate cause and the propriety of the “last clear chance” instruction remain.
No useful purpose would be served by an extended discussion of the doctrine of “last clear chance.” It is sufficient to say that it is an aspect of the doctrine of proximate cause invoked in mitigation of, and in response to, a plea of contributory negligence. The requisite elements of its ap *28 plicability are well established. James v. Keene, Fla.1961, 133 So.2d 297.
Had the defendant brought an action against the plaintiff’s driver, he might have invoked the doctrine to insulate his contributory negligence but it was inapplicable, as such, in the instant case.
Conceding the inapplicability of the doctrine as it is generally understood, defendant urges that the error was merely one of nomenclature and that the instruction was proper as one concerning proximate cause. This argument cannot be sustained. An analysis of the instruction given indicates clearly that, insofar as the rights of the third party plaintiff were concerned, the elements of proximate cause and, more significantly, intervening and concurrent causes were not sufficiently delineated.
The effect of the instruction was to place unusual emphasis on the possible negligence of plaintiff’s driver without proper instruction as to the factors essential to render this possible negligence a sufficient intervening cause. It may also have had the effect, notwithstanding the brief instruction to the contrary, of confusing the jury as to imputation of plaintiff’s driver’s negligence to her. In view of the fact that instruction on the “doctrine of last clear chance” as such, was erroneous and since the instruction can be reasonably calculated to confuse and mislead the jury, the giving of the instruction was error. Florida Power & Light v. McCollum, Fla.1962, 140 So.2d 569.
In view of the substantial question of proximate cause there was no error in refusing to direct a verdict on liability.
The cause is reversed and remanded for a new trial.
Reversed.
SHANNON, C. J., and SMITH, J., concur.