O’CONNELL, Justice.
The petitioner, who was defendant in the trial court and appellee in the District Court of Appeal, Second District, seeks quashal of the opinion of the District Court reported in Fla.App., 151 So.2d 26.
Petitioner contends that the subject decision of the District Court of Appeal is in conflict with the decisions of this Court in Miami Beach Ry. Co. v. Dohme, 1938, 131 Fla. 171, 179 So. 166; Merchants Transportation Co. v. Daniel, 1933, 109 Fla. 496, 149 So. 401; Dunn Bus Service v. McKinley, 1937, 130 Fla. 778, 178 So. 865; Williams v. Sauls, 1942, 151 Fla. 270, 9 So.2d 369; Wawner v. Sellic Stone Studio, Fla.1954, 74 So.2d 574 and Davis v. Cuesta, Fla.1941, 146 Fla. 471, 1 So.2d 475.
The portions of the District Court’s opinion which petitioner claims create the alleged conflict in decisions are as follows:
“No useful purpose would be served by an extended discussion of the doctrine of ‘last clear chance.’ It is sufficient to say that it is an aspect of the doctrine of proximate cause invoked in mitigation of, and in response to, a plea of contributory negligence. The requisite elements of its applicability are well established.”
“Had the defendant brought an action against the plaintiff’s driver, he might have invoked the doctrine to insulate his contributory negligence but it was inapplicable, as such, in the instant case.” (Emphasis added.)
Petitioner interprets these statements as amounting to a holding by the District *206 Court that only a party-plaintiff seeking to overcome a charge of contributory negligence is entitled to an instruction on the doctrine of last clear chance, and that a party-defendant is never entitled to such a charge or the benefits of the doctrine.
If petitioner’s interpretation of the above statements is correct they would constitute a direct conflict with our decision in Miami Beach Ry. Co. v. Dohme, supra, in which this Court held that in a proper case the defendant was entitled to such instruction.
Although we do not interpret the subject statements to hold what petitioner contends they do we must admit that the petitioner’s interpretation thereof is not without some basis. For this reason we feel impelled to write our interpretation of the opinion and specifically of the statements above quoted.
In the instant case the plaintiff, respondent here and appellant in the District Court, was a guest passenger in an automobile which collided with that of defendant. Apparently no charge of negligence was made against the plaintiff, nor did defendant contend that the plaintiff had the last clear chance to avoid the collision which resulted in her injury.
As set forth in the opinion reported at 151 So.2d 26, 27 the trial judge gave an instruction which informed the jury that if it found the plaintiff’s driver had the last clear chance to avoid the collision then the negligence of plaintiff’s driver would be the proximate cause of the plaintiff’s injuries.
The District Court held that under the facts of the case the doctrine of last clear chance was inapplicable. It further held that it was error to give the instruction because it was reasonably designed to confuse and mislead the jury.
As we understand the doctrine of last clear chance it is applicable only where both' plaintiff and defendant are shown to have been guilty of successive acts of negligence. The doctrine merely operates to determine which negligent act of the respective parties supervened the negligence of the other so as to be found to be the proximate cause of the injury sued upon.
In the instant case apparently the plaintiff was not shown to be guilty of any negligence which could be said to supervene the negligence of the defendant so the instruction was improper.
As the District Court indicated an instruction on intervening efficient cause, or new and independent cause as it is sometimes called, might well have been requested and given. This type instruction, if requested and found proper by the trial judge, would have enabled the defendant to present his contention that his negligence was supervened by the negligence of the plaintiff’s driver in failing to take advantage of the last opportunity to avoid the collision.
The negligence of a party cannot constitute an intervening efficient cause. Abercrombie Co. v. Delcomyn, Tex.1941, 134 Tex. 490, 135 S.W.2d 978, and Texas Cities Gas Co. v. Dickens, Tex.Civ.App., 1941, 156 S.W.2d 1010.
Conversely, the intervening negligence of an outside agency or person, not a party to the suit, does not warrant the application of the doctrine of last clear chance.
Now to return to the statements above quoted and petitioner’s interpretation of them.
If these statements are construed as being a complete and definitive definition of the doctrine of last clear chance they would be incorrect. There is no indication that the District Court intended or attempted to write such a definition. So construed in light of the facts of the case in which they were made the statements do not hold that a defendant may not in a proper case invoke the doctrine of last clear chance in his aid, or conversely that the doctrine is only *207 available to a plaintiff in answering a charge of contributory negligence.
Under this interpretation of the subject opinion we find no direct conflict of decisions sufficient to give us jurisdiction.
Accordingly, the petition for writ of cer-tiorari is denied.
It is so ordered.
DREW, C. J., and THOMAS, THORN-AL and CALDWELL, JJ., concur.