ANDREWS, Judge.
This is an appeal by the defendant, Arthur N. Medlock, from an order setting aside a jury verdict in favor of defendant and granting Myrtle McCoy and Wayman McCoy, plaintiffs, a new trial on the ground that the court had erred in refusing to give plaintiffs’ requested instruction on the last clear chance doctrine.
The accident occurred at night on U. S. Highway No. 1 south of Vero Beach. The plaintiffs, an elderly couple, had eaten in a restaurant on the west side of the highway, and were crossing on foot to a motel on the other side of the highway. The highway is four-laned with no median strip in the center. There is no intersection or crosswalk in the immediate area, and the speed limit is 45 m. p. h. The defendant was driving north in the lane nearest the center line at approximately 30-35 m. p. h.
Plaintiffs testified that they looked before they attempted to cross and looked several times as they were crossing but did not see defendant’s vehicle or any other traffic.
Defendant claims that he did not see the couple until they were directly in front of him about fifteen feet away. Defendant applied his brakes and swerved slightly to *268 his left, hitting Mrs. McCoy with his right fender. The testimony of the police officer establishes that defendant’s car laid down 52 feet of skid marks. Defendant also testified that Mrs. McCoy was wearing a bright red sweater which showed up clearly in his lights and that his vision was unobstructed for approximately 100 yards in his lane. Defendant claims that a glare created by a passing truck prevented him from seeing plaintiffs until they were immediately in front of him. At the trial defendant admitted that he could have avoided hitting plaintiff if he had swerved a little more to the left.
The sole question before this court is whether the trial court erred in granting a new trial on the ground that plaintiffs’ requested instruction relating to the last clear chance doctrine should have been given. The elements which must be present to support an instruction are set forth in James v. Keene, Fla.1961, 133 So.2d 297, and there is no need to repeat them here. Applying those requirements to the factual situation as shown by the record, we find that the evidence was sufficient to support the requested instruction on the doctrine of last clear chance.
Defendant contends that, even if the doctrine of last clear chance was applicable, the requested instruction was properly denied because the instruction failed to include a statement of law pertaining to whether plaintiffs’ negligence had terminated and whether defendant had sufficient time to act. This very argument concerning the same instruction was ably answered in the case of Holdsworth v. Crews, Fla.App.1961, 129 So.2d 153. There the court held that, while the instruction was not a complete statement of all the elements of last clear chance, it was satisfactory, and that if the defendant desired to have plaintiffs’ requested instruction supplemented so as to cover the omitted elements the defendant could have requested such additional instructions. Plaintiffs’ requested instruction, taken verbatim from Lindsay v. Thomas, 1937, 128 Fla. 293, 174 So. 418, and set out verbatim in Holdsworth v. Crews, supra, is an adequate statement of the last clear chance doctrine.
We concur with the lower court that the instruction on the last clear chance doctrine should have been given at the request of the plaintiffs and that the trial court properly exercised his discretion in granting a new trial.
Affirmed.
SMITH, C. J., and WALDEN, J., concur.