BARKDULL, Judge.
Appellant, plaintiff in the trial court, seeks review of a final judgment following an adverse jury verdict in a personal injury action.
Examining the record in a light most favorable to the verdict,[1] we find the following: Early on the morning of November IS, 1964, the plaintiff and two friends left Miami for a fishing trip to Flamingo, Florida. They spent the day fishing and left Flamingo for Miami shortly after 4:00 P.M.
On the return trip, the plaintiff was driving his vehicle in a northerly direction on U.S. Highway 1 in the far right-hand lane at a speed of 40 to 45 miles per hour as he approached the intersection at S.W. 152nd Avenue. At this point on U.S. Highway 1, there are two northbound lanes and two southbound lanes separated by a grass median strip. Weather conditions and visibility were good. The plaintiff testified that there was traffic ahead of him, but it was so far ahead he was unable to discern the make of the vehicle.
At about the same time, the defendant was driving his station wagon and trailer [combined length 64 feet] in a southerly direction on U.S. Highway 1 in the left- *53 hand lane, intending to turn left at S.W. 152nd Avenue. His left directional signal was on. When the defendant arrived at the intersection, he came to a full stop and waited for the northbound traffic to clear. When the nearest northbound traffic was some 500 feet away, the defendant decided he had time to complete his turn and started from a stopped position across the northbound lanes of the highway.
The plaintiff testified that the first time he saw the defendant’s car and trailer they were about a half a block away and commencing to turn across his path of travel. When he finally acted to avoid a collision, all the plaintiff did was put on his brakes and skid straight ahead. He made no attempt to swerve to the left-hand lane to avoid an accident. The collision occurred in the right-hand lane.
The plaintiff’s vehicle collided with the right rear of defendant’s trailer at a time when defendant’s automobile and the first two-thirds of the trailer had completely cleared U.S. 1.
Upon the matter being submitted to the jury, they returned a verdict for the defendant. Final judgment was entered thereon and this appeal followed. At the charge conference, counsel for the defendant requested that the court give a charge on last clear chance, contending that the plaintiff had the last opportunity to avoid the accident. Such a charge was given. The appellant contends this was error. We do not agree.
The evidence adduced before the jury was sufficient to meet the tests laid down in the opinion of the Supreme Court of Florida in James v. Keene, Fla.1961, 133 So.2d 297. Also see special concurring opinion of Mr. Justice O’Connell in Connolly v. Steakley, Fla.1967, 197 So.2d 524. Therefore, we find no error in the trial judge giving this instruction. See: Miami Beach Railway Co. v. Dohme, 131 Fla. 171, 179 So. 166; Kenegson v. Gerard, Fla. 1964, 164 So.2d 204; Anno. 32 A.L.R.2d 543, § 4, p. 541.
We have examined the other point urged for reversal by the appellant, and do not find it to be well taken.
Therefore, the verdict and final judgment here under review be and the same is hereby affirmed.
Affirmed.

. Midstate Hauling Co. v. Fowler, Fla.1965, 176 So.2d 87.