WALDEN, Judge.
Did the refusal of the trial court to give Florida Standard Jury Instruction 3.-3(b) constitute reversible error. That instruction provided:
“b. Agency, master and servant:
“Whether (name) was an [agent] [employee] of (defendant) and was acting within the scope of his employment at the time and place of the incident complained of. An [agent] [employee] is a person who is employed to act for another and whose actions are controlled by his employer or are subject to his employer’s right of control. An employer is responsible for the negligence of his [agent] [employee] if such negligence occurs while the [agent] [employee] is performing services which he was employed to perform or while the [agent] [employee] is acting at least in part because of a desire to serve his employer and is doing something that is reasonably incidental to his employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.
“Independent contractor distinguished:
[But a person is not responsible for the negligence of an independent contractor or of the agents or employees of an independent contractor. An independent contractor is a person who is engaged by another to perform specific work according to his own methods and whose meth *741 ods of performing the work are no! controlled by the person engaging him and are not subject to that person’s right of control.]”
Under the circumstances of this case we answer in the affirmative and thereby reverse and remand for a new trial.
Plaintiff, Sophia Ross, was a patron of the Elaine Powers Figure Salon in Hollywood, Florida. While availing herself of the salon’s services the plaintiff placed a diamond ring in the salon’s care for safekeeping and the ring was not re-delivered to the plaintiff.
Plaintiff sued Elaine Powers Figure Salon, Inc., a foreign corporation (hereafter called the Powers Corporation) and Ruth Cahl a/k/a Ruth Calafemina in’ bailment on account of her loss. It appears without doubt or dispute that Ruth Cahl was the local operator and franchisee of the salon while the Powers Corporation was the franchisor. Central to the whole trial and presentation was the issue as to whether Ruth Cahl was the agent of the Powers Corporation because, if she was not, there could be no liability on the part of the Powers Corporation.
The jury brought in a verdict against the plaintiff and in favor of the defendant, Powers Corporation, and this appeal ensued.
The issue of the relationship between Ruth Cahl and the Powers Corporation, and more particularly whether Ruth Cahl was an independent contractor or whether she was the agent of the Powers Corporation, was always apparent and in dispute. Indicative of this are the following matters :
1. Paragraph 3 of plaintiff’s Third Amended Complaint affirmatively alleges that the Powers Corporation was Ruth Cahl’s principal, and that Ruth Cahl was the agent of the Powers Corporation.
2. Answer of the Powers Corporation denied this allegation, thereby placing the matter in issue.
3. In their opening. arguments counsel on each side discussed the relationship one way and the other between the two defendants with reference to possible liability.
4. During the course of the trial there were many witnesses who testified concerning the very issue of agency and independent contractor. Their testimony dealt with the very factors contained in the mentioned charge.
5. At the charge conference counsel for both sides requested the giving of Florida Standard Jury Instruction 3.3(b). After final argument and the instructions, again counsel for both sides objected to the trial court’s refusal to charge on Florida Standard Jury Instruction 3.3(b).
6._ In their closing arguments counsel, and particularly counsel for the defendant, Powers Corporation, argued lack of agency and responsibility on the part of their clients on the basis that there was no control and no responsibility under the franchise agreement and thereby no responsibility for the loss of the chattel.
We look now finely to the jury charge as given by the trial court. Aside from the general propositions, the trial court charged on only two issues: one, whether the bailment was gratuitous or mutual and, two, whether the Powers Corporation was negligent in the handling of the bailment. There was an utter lack of charge concerning the agency issue and the relationship between the Powers Corporation and Ruth Cahl. The trial court did not instruct the jury that this was an issue for them to decide and did not, in the charge or at any time during the course of the trial, instruct the jury that the court had determined the issue as a matter of law. This left the jury in limbo concerning this most important facet of the case. Peripherally, and in a misleading way, the trial court did instruct:
“If you believe from the evidence in this case that the diamond ring, or in this case the purse which contained the ring, was lost without fault of the de *742 fendant Elaine Powers (sic) [Powers Corporation], then you must find for the defendant Elaine Powers (sic) [Powers Corporation], If the greater weight of the evidence does not support the claim of the plaintiff, then your verdict should be for the defendant.”
In the absence of the agency instruction, the jury would be wrongly lead and entitled to feel, inasmuch as the evidence clearly showed the Powers Corporation had no direct or personal contact as such with the plaintiff, that the Powers Corporation was without fault concerning the loss.
One of the most bedrock propositions found in the law is the duty and requirement of the court to instruct the jury on the law to be applied to the evidence in the case. See Fla.R.Civ.Proc. 1.470(b) 30 F. S.A.; Randall v. Parramore & Smith, Fla. 1847, 1 Fla. 409; Holdsworth v. Crews, Fla.App.1961, 129 So.2d 153; Wynne v. Adside, Fla.App.1964, 163 So.2d 760; Polk v. State, Fla.App.1965, 179 So.2d 236. Otherwise, the jury will be just adrift without chart or rudder or basis upon which to found their deliberations and ultimate decision. Here, in review, it is clear that the jury was not charged upon a fundamental issue in the case and the omission is of such moment as to constitute reversible error and cause a remand for a new trial.
Inconsistently, the Powers Corporation, on appeal, suggests that the plaintiff has no grievance or cause for complaint because the trial court action and omission was tantamount to ruling against the Powers Corporation and a decision that the agency issue had been decided by the court in favor of the plaintiff. If this decision was made, it is not reflected in the record. Furthermore, if the trial court did decide that Ruth Cahl was the agent of the Powers Corporation as a matter of law, it would be absolutely required that the jury be so charged and told that the issue was being withdrawn from their consideration and told that they must, in their deliberations, deem Ruth Cahl to be an agent of the Powers Corporation, and told the effect thereof. As stated, the issue was tried to the jury but there was a total lack of instruction on the matter to guide the jury.
The appellees’ point, on cross appeal is without merit and does not require discussion.
The judgment on appeal is reversed and the cause remanded with respectful instructions to grant the plaintiff a new trial as to the defendant, Powers Corporation.
Reversed and remanded.
OWEN, C. J., concurs.
CROSS, J., dissents with opinion.